Shelburne, ex'r, v. Robinson.

MASTIN B. SHELBURNE, Executor of David Robinson, deceased, plaintiff in error, *v.* RICHARD ROBINSON, defendant in error.

*Error to Cass.*

An executor voluntarily paid over to one of the legatees named in the will, an amount supposed to be equal, or nearly so, to the interest of the legatee. It was subsequently, after a lapse of ten years, alleged by the executor that the legatee had been overpaid, and upon a request and a refusal to refund, the former commenced a suit to recover back the alleged excess: *Held*, that if the executor was entitled to recover at all, he was, notwithstanding, barred by the Statute of Limitations.

The Statute of Limitations begins to run when a cause of action accrues. In a case where some act is to be done, or condition precedent to be performed by a party to entitle him to his right to sue, and no definite time is fixed at which the act is to be done or condition performed, he must exercise reasonable diligence to do the one, or perform the other, or he will be barred by the Statute.

ATTACHMENT, in the Cass Circuit Court, brought by the appellant against the appellee, and heard at the May term 1846, before the Hon. Samuel D. Lockwood, when a judgment was rendered for the appellee.

The pleadings and agreed state of facts will appear in the Opinion of the Court.

The cause was submitted for the determination of this Court, upon the written arguments of *J. J. Hardin & D.*

*A. Smith,* for the appellant, and, *W. A. Minshall & R. S. Blackwell,* for the appellee.

The Opinion of the Court was delivered by

PURPLE, J.   At the May term, A. D. 1846, of the Cass county Circuit Court, the appellant sued the appellee in *attachment,* and caused the same to be levied upon certain lands as the property of the appellee.   The declaration was in *assumpsit,* claiming $500 damages upon the state of facts as agreed to by the parties.   The appellee pleaded:

*First, Non assumpsit;*

*Second, Non assumpsit* within five years; and

*Third,* That appellant was not executor.

There was an issue upon all the pleas.,

The following state of facts was agreed to by the counsel for the parties respectively:

"That David Robinson departed this life testate, in November, 1833, bequeathing to the defendant one sixteenth of his personal estate after the payment of debts; that said testator resided in Shelby county, Kentucky, at the time of his death; that the plaintiff below and Samuel Hankinson were appointed executors of the will, and their giving bond was dispensed with in the will; that at the May term 1834, of the County Court of said county, probate of said will was made by the said executors, and they took the oath of office required by law, and probate of the will was granted them in due form of law.

In the State of Kentucky, on the 25th January, 1836, the plaintiff below, as executor of David Robinson, deceased, voluntarily paid the defendant below, as one of the legatees of the deceased, the sum of $250 cash, and on the same account on the day following, $46·87½ in merchandize, it being supposed at that time that the ultimate interest of the said legatee as aforesaid, would amount to that sum or more.

On the 28th day of January, 1842, the executors made a final settlement of their accounts as such with the commissioners appointed by the County Court of Shelby county,

Kentucky, exhibiting various items of charge and credit, not including the aforesaid payment, &c., to the said defendant. Said commissioners reported that there was in the hands of the executors for distribution, the sum of $3377·89. The settlement with its accompanying vouchers was filed, subject to exceptions, at the May term, A. D. 1842, of said Court. No exception being filed to the settlement, the same was ordered to be recorded at the June term 1842, of said Court.

About one month before the institution of this suit, the plaintiff below applied to the defendant in that Court to correct the mistake in the over payment of his legacy as alleged above, and requested him to pay said plaintiff what was due him in the premises, and the defendant refused to accede to the said request."

Admitting that under this state of facts the appellant would in any event be entitled to recover, it is clear that in this case his claim is barred by the Statute of Limitations. More than ten years have been permitted to elapse since this money has been paid to the legatee, and if, under the circumstances, the appellee ever had a right to recover it back in this form of action, no reason whatever is shown in the agreement of the parties, why the mistake was not sooner discovered, and that right asserted. For any thing which appears in the record, the appellant could as well have known the true situation of his testator's estate ten years ago as at the time of his final settlement in the year 1842. The Statute of Limitations begins to run when a cause of action accrues. In a case where some act is to be done, or condition precedent to be performed by a party to entitle him to his right to sue, and no definite time is fixed at which the act is to be done or condition performed, he must exercise reasonable diligence to do the one or perform the other, or he will be barred by the Statute of Limitations; otherwise it would be in his power to defeat the law by his own negligence and wrong.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*