CHARLES T. HEALY, ADMINISTRATOR OF THE ESTATE OF
GEORGE POTT, DECEASED *v.* JOHN BUCHANAN, R. B.
BENNETT, D. A. MEYERS, *et als.*

STALE DEMAND—ADMINISTRATION.—The plaintiff was appointed administrator of
the estate of P seventeen years after P.'s death, and shortly thereafter brought
action against B. and others to recover possession of a lot in San Francisco, and
alleged in his complaint that P. died seized and possessed of said lot; that in
February, 1867, after appropriate proceedings therefor, plaintiff had been appointed
administrator of the estate of P. ; that by virtue of said appointment the plaintiff,
on the 1st day of March, 1867, became, and from thenceforth was and still is,
entitled to the possession of said lot ; that whilst plaintiff was so seized and enti-
tled to the possession, the defendants, B. and others, on the 2d day of March,
1867, wrongfully entered and expelled plaintiff therefrom, and have ever since
wrongfully withheld the possession.   The defendants demurred to the complaint
on the ground, amongst others, that it did not state facts sufficient to constitute a
cause of action, or to show that plaintiff is entitled to maintain the action.   The
demurrer was sustained and judgment passed for defendants.   *Held,* first, that,
considering the facts of the entry of defendants, without title, so late as March,
1867, and after plaintiff became administrator, as disclosed in the complaint, the
cause of action declared on was not stale ; second, that there is no statute which
limits the time within which letters of administration on the estates of deceased
persons may be granted ; third, that in such a case no presumption of law arises
that there had been a prior administration and that the estate had been closed ;
and fourth, that the demurrer was improperly sustained.

APPEAL from the District Court, Twelfth Judicial District,
City and County of San Francisco.

The facts are stated in the opinion of the Court.

*F. E. Spencer*, and *J. A. Moultrie*, for Appellant.

[All the points made in appellant's brief are discussed in the opinion of the Court.—REP.]

*John B. Felton*, and *Theodore H. Hittell*, for Respondents.

An insuperable objection to the maintenance of this action is that it is a stale demand. The plaintiff has been guilty of inexcusable laches. He has stood by for seventeen years and allowed the defendants to go on in fancied security to improve and build up their property. He fails to say anything about former administration, or to give any reason for his delay to present his demand or prosecute his claim. In the absence of excuse, and on account of the great and unexplained lapse of time, the Court will presume that the estate of Pott was administered and settled, and that defendants acquired unquestionable title to their lots. This presumption arises on the allegations of the complaint, and on account of it the Court will not and ought not to take jurisdiction.

The doctrine that Courts will not entertain stale demands is well established, and has been repeatedly recognized. (*Brown* v. *Covillaud*, 6 Cal. 566; *Dominguez* v. *Dominguez*, 7 Cal. 424; *Dupuy* v. *Shear*, 29 Cal. 238; *Codman* v. *Rogers*, 10 Pick. 112; *Green* v. *Covillaud*, 10 Cal. 317; Ang. on Lim. Sec. 11; *Smith* v. *Clay*, 3 Brown's Ch. 640; *Piatt* v. *Vattier*, 9 Pet. 405; *Bowman* v. *Wathen*, 1 How. U. S. 189; *Shaver* v. *Radley*, 4 Johns. Ch. 310; *Woolfolk* v. *Beatly*, 18 Georgia, 520.)

By the Court, CROCKETT, J.:

The plaintiff, as administrator of Pott, brings this action to recover the possession of a lot in San Francisco. The complaint avers that Pott died in 1850 seized and possessed and entitled to the possession of the premises in controversy, and that in February, 1867, after appropriate proceedings for that purpose, the plaintiff was appointed administrator of the estate of Pott. The complaint sets out specifically the

proceedings in the Probate Court, and we do not understand that the regularity of these proceedings is questioned by the defendants.    The complaint then avers that by virtue of his appointment as administrator, the plaintiff, on the 1st day of March, 1867, became, and from thenceforth was and yet is, entitled to the possession of said premises, and whilst the plaintiff was so seized and entitled to the possession, the defendants, on the 2d day of March, 1867, wrongfully entered and expelled the plaintiff therefrom, and have ever since wrongfully withheld the possession.

The defendants demurred to the complaint on the grounds:

First—That the Court had no jurisdiction of the persons of the defendants, or of the subject matter of the action.

Second—That the plaintiff has not legal capacity to sue.

Third—That the complaint does not state facts sufficient to constitute a cause of action, or to show that the plaintiff is entitled to maintain the action.

Fourth—That the complaint does not state facts sufficient to show that the defendants have committed any wrong or injury to the plaintiff, or are in any respect answerable to the plaintiff.

Fifth—That the complaint is ambiguous, unintelligible and uncertain.

The demurrer was sustained by the Court, and the plaintiff declining to amend, final judgment was rendered for the defendants, from which the plaintiff appeals.

The Court delivered no written opinion, and the record does not disclose the particular point on which the decision of the District Court was based; but we infer from the briefs of counsel that it was upon the ground that from the long period of seventeen years which elapsed between the death of Pott and the grant of letters to the plaintiff the claim of plaintiff had become stale; and the Court would presume as a matter of law that the estate had long since been duly administered and its affairs closed.    At all events these are

the only points urged by defendants' counsel in support of the judgment.

The demurrer admits the truth of all the allegations of the complaint, one of which is that the defendants, on the 2d of March, 1867, wrongfully intruded upon the premises and tortiously evicted the plaintiff. If it be true, as it must be conceded to be on the demurrer, that the possession of the defendants is without title, and is of so recent a date as March, 1867, we do not perceive on what ground it can be plausibly claimed that the plaintiff's demand or right to the possession is stale as against the defendants. If it appeared that the defendants had been in possession for seventeen years, claiming title in good faith, the position assumed by defendants' counsel and the authorities which he cites might be entitled to consideration, though we do not intend to be understood as expressing an opinion on that point. But we are very clear that an intruder without title, whose possession commences a few days after the grant of letters on the estate, should not be allowed to allege that the claim of the plaintiff is stale as to him. Courts of equity in proper cases will refuse their aid to enforce stale demands against a party in possession. The reason of the rule is, that if the party slumbers too long on his rights, the evidences of the truth of the transaction are liable to be lost or destroyed, and the human memory is so fallible that witnesses, after a long lapse of time, are liable to forget the real facts. On principles of public policy, and to encourage diligence in suitors, a Court of equity in numerous cases will not interfere to aid a stale demand. But these principles have no application to a case like the present, where the defendants, averring no title or right to entry, are simply intruders, of a very recent date, on property which the demurrer admits belonged at the time of his death to the plaintiff's intestate. It is not for them to complain of the delay in granting letters on the estate. They had no interest in the question until after the letters were granted, and they have no equities to be protected against a stale demand.

In such a case no presumption of law arises that there had been a prior administration and that the estate had been closed. We are not aware of any provision of law which limits the period within which letters of administration on the estates of deceased persons may be granted. If there be any statute to that effect, our attention has not been called to it. If any such presumption would arise in any case, (on which point we express no opinion,) we are entirely clear that a recent intruder on the property of the estate, whose possession commenced after the grant of letters, cannot invoke such a presumption to aid a naked trespass.

Judgment reversed, with an order to the Court below to overrule the demurrer, with leave to answer.