ROBERT MILLS v. LYDIA R. MILLS, *as Administratrix of the estate of Thomas C. Mills, deceased.*

1. VERDICT, *Approved.* As the conflict in the testimony has been settled by the jury, the approval of the verdict by the district court ends the controversy on the facts.

2. LIMITATION OF ACTION—*When Statute Begins to Run.* Where a cause of action upon an agreement does not accrue until after the death of one of the parties, the statute of limitations will not begin to run on the claim of the estate of the deceased upon such agreement until an administrator or executor authorized to collect or enforce the payment of the claim has been appointed. (*Carney v. Havens,* 23 Kas. 82.)

*Error from Sumner District Court.*

THE case is sufficiently stated in the opinion.

*John A. Murray*, for plaintiff in error.
*Charles Willsie*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is an action brought by Lydia R. Mills, as administratrix of the estate of Thomas C. Mills, deceased, against Robert Mills for the recovery of a part of the purchase-price of forty acres of land situate in Cowley county. On August 3, 1883, Thomas C. Mills, who was then living, and Lydia R. Mills his wife, executed a deed conveying the land to Robert Mills, the expressed consideration being $500; but it was sold subject to a mortgage thereon given to secure the sum of $425, with interest on the amount for about a year at the rate of 8 per cent. per annum. The real controversy between the parties is in regard to the amount of consideration that was to be paid for the land. The deed was executed shortly before the death of Thomas C. Mills and during his last sickness, and when executed was placed in the hands of a third person, to be effective in case Thomas died; but in case of his recovery it was to be returned to the grantors.

Robert Mills claims that in addition to assuming the mortgage debt, he only was to pay the physician's charges for attending on Thomas, and his funeral expenses, which amounted to about $145.

On the other side it is claimed that Robert Mills was to assume the mortgage, and in addition pay the sum of $500, less the physician's and funeral expenses, which was the consideration stated in the deed. The expenses of the last sickness and death of Thomas C. Mills were paid by Robert Mills shortly after the death occurred, and the deed, which had been placed in the hands of a third party prior to the death, was obtained by Robert Mills and placed on record. There is a sharp conflict in the testimony of the parties in regard to the consideration agreed to be paid for the land, but the jury has settled this conflict by the award of a verdict in favor of Lydia

R. Mills for $397.71.    This result, having been approved by the district court, cannot be rightly interfered with by this court, and must end the controversy on the facts.

The plaintiff in error attempts to raise a question under the evidence as to the delivery of the deed; but this is wholly inconsistent with his own testimony and conduct.    All the parties proceeded in the court below upon the theory that the deed had been duly and legally delivered, and that the only question in dispute was the amount of the consideration to be paid.    The plaintiff in error obtained the deed from the depositary, placed it on record, and under that claims title to the land.    There is testimony tending to show a valid delivery, and hence there is nothing substantial in this objection.

The point that the claim was barred by the statute of limitations, must also be overruled.    While the deed was executed in 1883, it was placed in the hands of the depositary, and was not to be effectual if Thomas C. Mills recovered from his sickness; and therefore the consideration was not due until after his death, nor could any cause of action accrue until administration on his estate was taken out, which was not done until March 23, 1885.    The action was brought February 7, 1887; and hence the claim was not barred. (*Carney v. Havens*, 23 Kas. 82; Civil Code, §18.)

The judgment of the district court will be affirmed.

All the Justices concurring.