J. P. BAUSERMAN, *as Administrator of the Estate of James G. Blunt, deceased,* v. C. S. CHARLOTT.

1. FOREIGN JUDGMENT —*Limitation of Actions.* Where an action is brought in this state, upon a judgment of a court of record of a sister state, which is in full force in that state, the statute of limitations of this state, and not that of the sister state, will control.

2. ———— *Statute of Repose.* The statute of limitations of this state is a statute of repose, and must be favorably considered. (*Taylor v. Miles,* 5 Kas. 498; *Sibert v. Wilder,* 16 id. 176; *Freeman v. Hill,* 45 id. 435.)

3. CASES, *Followed.* The cases of *Railroad Co. v. Burlingame Township,* 36 Kas. 628, and *Rork v. Comm'rs of Douglas Co.,* ante, p. 175, followed.

4. ADMINISTRATION —*Diligence in Presenting Claim Against Decedent's Estate.* Under the provisions of the statutes of this state, a creditor of a decedent, having a claim which he wishes to establish against the estate, may, if the widow or next of kin refuse to take out letters of administration, obtain letters for himself or some other person, after 50 days from the death of decedent; and he cannot, without any good cause or reason therefor, defer making such application until the statute of limitations has run, and then claim that all of the time from the death of the debtor to the appointment of the administrator the statute of limitations is suspended on account of the non-appointment of such administrator. If a creditor would save his claim against the estate of a decedent from the bar of the statute, he must exercise reasonable diligence, if the widow or next of kin refuse to take out letters of administration, to obtain administration for himself or some other person.

*Error from Leavenworth District Court.*

THE opinion contains a sufficient statement of the facts. Judgment for plaintiff, *Charlott,* at the December term, 1889 The defendant, *Bauserman,* as administrator of the estate of James G. Blunt, deceased, brings the case to this court.

*J. H. Gillpatrick,* for plaintiff in error; *W. Green,* of counsel.

*William A. Porter,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 15th day of December, 1874, C. S. Charlott recovered a judgment against Joseph Pulitzer and Gen. James G. Blunt, in the circuit court of the city of St. Louis, in the state of Missouri, for $1,023.72. General Blunt died on the 25th of July, 1881. On the 14th day of December, 1885, J. P. Bauserman was appointed administrator of his estate by the probate court of Leavenworth county. On the 14th day of December, 1888, C. S. Charlott brought his action in the district court of Leavenworth county against J. P. Bauserman, as administrator of the estate of General Blunt, deceased, to recover a balance of $535 upon the Missouri judgment. The defendant pleaded the statute of limitations. Judgment was rendered in favor of Charlott for $535, and costs. The defendant below excepted, and brings the case here.

It was admitted upon the trial that during all the time from December 15, 1874, and prior thereto, until the death of General Blunt, on July 25, 1881, he had kept and maintained his home and usual place of residence in Leavenworth city, in this state; that during all said time this was continuously open and occupied by his family, consisting of his wife and children, where service of a summons could have been made upon him by leaving at his usual place of residence a copy thereof. It was also admitted upon the trial that General Blunt was personally absent, or "out of the state" so much of the time from the 15th day of December, 1874, to the date of his death, on the 25th of July, 1881, that, if such personal absence from the state prevented the running of the statute of limitations, the judgment was not barred at his death. But it is further admitted that if the periods of time during which General Blunt was personally present in Kansas, from the 15th of December, 1874, to his death, on the 25th of July, 1881, were taken with and added to the time from July 25, 1881, to the appointment of Bauserman as the administrator of his estate, on the 14th of December, 1885, less the time

31—46 KAS.

allowed by the statute for the widow or next of kin to be granted administration, they aggregated more than five years. It is also admitted that, if the periods of time which General Blunt was present in Kansas after the 15th day of December, 1874, to the 25th of July, 1881, (the date of his death,) were added to the time from his death to the commencement of this action, (the 14th day of December, 1888,) more than six years had elapsed. The administrator was appointed more than 11 years after the rendition of the Missouri judgment; more than four years after the death of General Blunt; and this action in this state to recover upon that judgment was not commenced until three years after the appointment of the administrator. This action was therefore commenced 14 years after the rendition of the judgment in Missouri, and more than seven years after the death of General Blunt.

We are asked, in a very able argument presented by the counsel representing the estate of General Blunt, to reëxamine and reconsider the prior decisions of this court, ruling that, if the debtor is out of the state for a temporary purpose, such temporary absence cannot be computed as any part of the period within which the action must be brought. (Civil Code, § 21.) And we are further asked to reëxamine and reconsider the prior decisions of this court, holding that the death of the debtor suspends the running of the statute, where the statute has commenced to run in the life-time of the debtor.

For the purposes of this case, and the full protection of estates of decedents from all liability for stale or dishonest claims, which in the nature of things the heirs of a decedent could not as successfully defend against as if the intestates were living, it is not necessary at this time to reconsider any of the former decisions of this court, and therefore it is not necessary now for us to comment upon the prior decisions referred to. It is true that this court has said that the question of personal absence of the debtor from the state, and not the question of residence or non-residence, affects the running of the statute under the provisions of § 21 of the civil code. (*Bonifant v. Doniphan*, 3 Kas. 26; *Lane v. Bank*, 6 id. 74;

*Hoggett v. Emerson,* 8 id. 262; *Morrell v. Ingle,* 23 id. 32; *Conlon v. Lanphear,* 37 id. 431; *C. K. & N. Rly. Co. v. Cook,* 43 id. 83.) It is also true that this court has said that the death of the debtor operates to suspend the statute. (*Toby v. Allen,* 3 Kas. 399; *Hanson v. Towle,* 19 id. 273; *Nelson v. Herkel,* 30 id. 456; *Mills v. Mills,* 39 id. 455.) But this court has never said, when the question was properly presented, that the creditor can indefinitely prolong the time of limitation by his own omission or refusal to act, or that the death of the debtor operates to suspend the statute of limitations indefinitely. Within the provisions of our civil code concerning limitations, an action can only be brought within 1. Foreign judgment—limitation of actions. this state upon a Missouri judgment within five years after its rendition, if during all that time the judgment debtor is personally present within the state. (Civil Code, § 18, subdiv. 1, 6; *Mawhinney v. Doane,* 40 Kas. 676.)

The precise question is, if, under the prior decisions of this court, the death of the debtor operates to suspend the statute of limitations, is the statute indefinitely suspended? Clearly, a creditor ought not to gain any advantage by his own *laches* or by his own delay.

"When a party knows that he has a cause of action, it is his own fault if he does not avail himself of those means which the law provides for prosecuting his claim or instituting such proceedings as the law regards sufficient to preserve it." (*Amy v. Watertown,* 130 U. S. 325; *Tynan v. Walker,* 35 Cal. 643.)

"In a case where some act is to be done or condition precedent to be performed by a party to entitle him to his right to sue, and no definite time is fixed at which the act is to be done or condition performed, he must exercise reasonable diligence to do the one or perform the other, or he will be barred by the statute of limitations; otherwise it would be in his power to defeat the law by his own negligence and wrong." (*Shelburne v. Robinson,* 8 Ill. 597, 598.)

It is the contention of the counsel of the plaintiff below that the statute of limitations was suspended all the time

General Blunt was "out of the state," from the 15th of December, 1874, to his death, on the 25th of July, 1881, and also all the time from the 25th of July, 1881, to the 14th of December, 1885, when the administrator was appointed at the instance of the alleged creditors. This latter period of time was over four years. Under the provisions of ¶ 2796, Gen. Stat. of 1889, (Gen. Stat. of 1868, ch. 37, § 12,) 30 days are given the widow or next of kin to take out letters of administration. If they do not do so, then, upon the application of anyone interested, they may be cited by the probate court or the judge thereof for that purpose, and if they neglect for 20 days after the service of the citation to take administration, the court must commit it to one or more of the principal creditors, if any are competent or willing to undertake the trust. Therefore, if the plaintiff below had availed himself of those means which the law provides for prosecuting his claim, he could have taken action as soon as 50 days had elapsed after the death of his alleged debtor. If a creditor would save his debt from the statute bar, he should take out administration himself. (*Granger v. Granger*, 6 Ohio, 35.) The statute of limitations in this state is a statute of repose. It was enacted for the benefit of defendants, "to exempt them from being called to account in respect to transactions long gone by." Such statutes are favorably considered. (*Taylor v. Miles*, 5 Kas. 498.) In that case, it was said:

2. Statute of repose.

"When the statute has run its full time, the effect is to leave the parties in possession of just what they had before, nothing more and nothing less; and neither party has a right of action against the other. The injured party has lost his remedy." (*Sibert v. Wilder*, 16 Kas. 176; *Freeman v. Hill*, 45 id. 435; 25 Pac. Rep. 870.)

This statute ought to be liberally construed as to claims against the estates of decedents. The dead man cannot speak or answer, and the next of kin may have no knowledge respecting the claim which the creditor has not attempted to sufficiently enforce in the life of the decedent. It was decided in

3. Cases, fol-
lowed.        *Railroad Co. v. Burlingame Township*, 36 Kas.
628, (14 Pac. Rep. 271,) "that a person cannot
prevent the operation of the statute of limitations by delay in
taking action incumbent upon him." It was also said in that
case, that "to permit a long and indefinite postponement would
tend to defeat the purpose of the statutes of limitation which
are statutes of repose, founded on sound policy, and which
should be so construed as to advance the policy they were de-
signed to promote."

It is also said in *Rork v. Comm'rs of Douglas Co.*, 45 Kas.
175, (26 Pac. Rep. 393,) that—

"If the plaintiff could delay the presentation of his cer-
tificates to the board of county commissioners for five years,
then he could delay for 10, 15, or any indefinite period of
time. He should have presented his tax certificates to the
board of county commissioners 'for refunding' (for the return
of his taxes, interest, etc.) before the expiration of three years
after their issue. This he failed to do, and he also failed to
allege any reason or excuse for his delay."

Following these decisions, the claim of plaintiff below is
both stale and barred by the statute. He has slept so long
upon his rights, if he had any at the death of General Blunt,
that he cannot now recover. If, in fact, the plaintiff below
was disabled for 50 days after the death of General Blunt
from instituting any proceedings or action to recover on his
judgment of the 15th of December, 1874, the disability
ended with the expiration of the 50 days. If he was denied
the right to sue in that period of time, he could have taken
action as soon as that time expired, but he did not then act.
He did not act within any reasonable time thereafter. He
delayed more than four years after the death of General
Blunt before he had an administrator appointed, and then
delayed three years after such appointment before commenc-
ing this action. The reasonable time within which a cred-
itor, having a claim against a decedent, and wishing to
establish the same against his estate, should make application

4. Administration — diligence in presenting claim against decedent's estate.

for administration, would be under the statute 50 days after the decease of the intestate, or at least within a reasonable time after the expiration of 50 days. But a creditor cannot, as in this case, postpone the appointment for months and years, and then recover upon his claim. If he can do so for several months or several years he can do. so for any indefinite length of time, and then resort to administration and establish his claim. This is not in accord with the policy of the statutes, nor with our prior decisions. We do not think it accords with right or justice in establishing claims against the estates of decedents.

Upon the pleadings and the agreed facts, the judgment of the district court will be reversed, with direction to render judgment against plaintiff below and in favor of the administrator of the estate of James G. Blunt, deceased.

All the Justices concurring.