(June 22, 1903.)

## GWINN, ADMINISTRATOR, v. MELVIN.

### [72 Pac. 961.]

APPOINTMENT OF ADMINISTRATOR—ACTIONS—SPECIAL PROCEEDINGS—
STATUTE OF LIMITATIONS—ADMINISTRATION WHEN NOT NECESSARY.

1. Under the provisions of sections 4020 and 4080, Revised Statutes, a proceeding for the appointment of an administrator is an "action" within the meaning of that term as used in said section.

2. Under the provisions of section 4060, Revised Statutes, if application for administration on the estate of an intestate is not made within four years from the date the applicant's right accrues to make such application, said statute of limitations is a bar to such appointment if properly plead, in the proceeding for such appointment.

3. Under the statutes of this state it is not absolutely necessary that administration be had of an estate of an intestate, when there are no debts against such estate and the heirs have made a satisfactory distribution of the assets of such estate among themselves.

(Syllabus by the court.)

APPEAL from the District Court of Canyon County. Honorable George H. Stewart, Judge.

Application to appoint an administrator.  Action of probate court on appeal to the district court.  Judgment of district court reversed.

The facts are fully stated in the opinion.

Walter Griffiths and H. E. Wallace, for Appellants.

This proceeding was heard in the trial court on an agreed statement of facts, and those facts and records are all here in the record on appeal.  From this record it appears that Edwin Melvin died in April, 1896, in Canyon county, leaving as his legal representatives, and surviving him, a wife and six children, in possession of an estate worth about four or five hundred dollars.  The widow and children continued in possession of the estate, paid and discharged all the claims, and settled and distributed the property between themselves agreeably without the intervention of any court or attorneys, and without unnecessary expense.  After a period of more than six years of uninterrupted and peaceful possession and enjoyment of their legal rights, and after the property had increased about two or three times in value, an entire stranger and a party without interest has sought to disturb, disrupt and devest these heirs, their vendees and successors in interest, of their titles and possessions.  This proceeding and result is sought to be instituted and accomplished against the will and over the objections of all the heirs and all persons interested in the estate.  The appointment of an administrator in this matter can accomplish no beneficial purpose, and will subject the heirs and persons interested in the estate to an unnecessary and unjust burden, and will disturb and possibly disrupt their vested rights; and will entitle the petitioner here to a fee which is altogether unjust and to which he has no color of right.  The purposes for which administration is had upon estates of deceased persons, in the order of their importance, are: 1. To preserve the estate; 2. To discharge the liens or claims against the estate; and 3. To effect an equitable partition and distribution of the estate to the decedent's legal representatives, viz., his heirs, legatees, devisees, or to the state, as the case may be.  (Woerner's American Law of Administration, last ed., sec. 201.)  And if these

purposes have all been accomplished, or do not exist, as in this case, then administration is unnecessary if not invalid. (*Flood v. Pilgrim*, 32 Wis. 376; *Filbey v. Carrier*, 45 Wis. 469; *Foote v. Foote*, 61 Mich. 181, 28 N. W. 90.) The legal title or right of property, both real and personal, of one who dies intestate in this state passes directly to and vests in the decedent's legal representatives, and not in his personal representatives, as was the rule of personal property at common law. This vested title can be devested only by the act of the legal representative, or by the enforcement of a lien in the manner prescribed by law. (Idaho Rev. Stats., secs. 5701, 5429; *Brenham v. Story*, 39 Cal. 179; *Beckett v. Selover*, 7 Cal. 239, 68 Am. Dec. 237; *Bufford v. Halliman*, 10 Tex. 564, 60 Am. Dec. 223.) Our legislature has provided periods of limitation, beyond which no civil action or special proceeding of a civil nature may be brought. (Idaho Rev. Stats., secs. 4030-4080.) It is intended that all proceedings, both civil and criminal, shall have a period of limitation prescribed within which they may be commenced. (Idaho Rev. Stats., secs. 4030, 7500, 7502.) As somewhat bearing on this subject see, also, sections 5468, 5469, 5715, 5718. It is not intended that proceedings may not be commenced after the period prescribed if objection be not made. Therefore, the period within which letters of administration may be demanded as a legal right in this state is limited by section 4060 of the Revised Statutes to four years after the cause accrues.

Frank J. Smith, for Respondent.

Whether the said R. M. Gwinn had any interest in the estate or not, personally, is of no importance under our statute. Section 5351 of the Revised Statutes of Idaho is as follows: "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereafter mentioned, and they are respectfully entitled thereto in the following order." Subdivision 11 of said section is as follows: "Any person legally competent." Section 1365 of the California Code of Civil Procedure is exactly like the section of our code above cited, with the eighth classification left out, to wit, "Any of the kindred." Section 5355 of the Revised Statutes of

Idaho has defined those who are not compctent to serve as an administrator in this instance. Section 1369 of the California Code of Civil Procedure is *verbatim* with our section 5355. Section 5363 of the Revised Statutes of Idaho is as follows: "Letters of administration must be granted to any applicant, though it appears that there are other persons having better right to the administration, where such persons fail to appear and claim the issuing of letters to themselves." Section 1377 of the California Code of Civil Procedure is *verbatim* with section 5365 of the Idaho Code. Proceedings for the administration of the estates of deceased persons are purely statutory. (*Maddock v. Russel,* 109 Cal. 517, 42 Pac. 139; *In re Strong's Estate,* 119 Cal. 663, 51 Pac. 1078.) It seems that under the statutes of Idaho, giving to these states the usual statutory construction, that it would have been error on the part of the probate judge to have rejected the petition of the said R. M. Gwinn under the first objection of appellant. We have cited the foregoing statutes of our code governing the question, together with the corresponding sections of the California code, for the reason that the supreme court of California has passed on the question directly. There is no incapacity to hold this office, from the mere fact that the applicant is not of kin to the deceased. A stranger is legally competent, though others are entitled to priority. (*Estate of Kirtlan,* 16 Cal. 162.) The court has no discretion to exclude a person from being appointed an administrator except for some of the specified causes. (*In Matter of Estate of Pacheco,* 23 Cal. 476.) A petition for letters of administration is sufficient if it states facts showing that the petitioner is one of the persons entitled tc administer. (*Lucas v. Todd,* 28 Cal. 182.) Appellant's second objection is disposed of by the agreed statement of facts wherein it appears that there was a claim against said estate at the time of the appointment of the said R. M. Gwinn as administrator, and at the time said appointment was affirmed by the district court. Appellant's third objection falls with the second, for the reason that where there are claims against the estate, as is admitted in this case by the statement of facts, the title only passes to the heirs, subject to the payment of such

claims, and whenever it appears that debts or claims against the estate of deceased exist, then the probate court has jurisdiction, and it is its duty to appoint an administrator to determine and settle the rights of all parties interested. (*In re Pina's Estate,* 112 Cal. 14, 44 Pac. 332; *In re Strong's Estate,* 119 Cal. 663, 51 Pac. 1078.) Appellants in their fourth objection contend that the appointment of an administrator comes within the provisions of our statute of limitations and is therefore barred. In discussing this question in their brief, counsel for appellant seem to have based their argument on the assumption that all special proceedings of a civil nature were actions, and that the appointment of an administrator was a special proceeding of a civil nature. Section 4080 of the Code of Civil Procedure of Idaho is as follows: "The word 'action,' as used in this title, is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature." Some special proceedings are actions, while others are not. The appointment of an administrator is not an action under our statute. (*In re Moore's Estate,* 72 Cal. 335, 13 Pac. 880-882.) There is no statutory limitations as to the time in which letters of administration may be issued. (*Healey v. Buchanan,* 34 Cal. 567; *Cochran v. Thompson,* 18 Tex. 652; *Lyne v. Sanford,* 82 Tex. 58, 27 Am. St. Rep. 852, 19 S. W. 847; *Shirly v. Warfield,* 12 Tex. Civ. App. 449, 34 S. W. 390.)

SULLIVAN, C. J.—On the fourteenth day of June, 1902, R. M. Gwinn filed a petition in the probate court of Canyon county, praying to be appointed administrator of the estate of Edmund Melvin, deceased, who died intestate in said county in the month of April, 1896, and left surviving him his widow and six children. It appears that deceased at the time of his death was a resident of said county and left some estate therein. The value of the real estate was about $1,000, and it appears that if there was any personal property it had been appropriated by the widow and children long prior to the commencement of this proceeding. There is no allegation in the petition that there are debts or claims against said estate. Two of the heirs of said deceased filed objections to the appointment

of said Gwinn as administrator, (1) on the ground that said Gwinn had no legal, equitable or other right to be appointed to the office of administrator of said estate, and (2) that said Gwinn was barred by the statute of limitations from being appointed as such administrator. Upon a hearing said objections were overruled and said Gwinn was appointed administrator. Thereupon an appeal was taken to the district court, where the matter was heard upon stipulated facts. All of the heirs of said deceased appeared therein and objected to the appointment of said Gwinn as administrator of said estate, on the grounds (1) that said Gwinn had no interest directly or indirectly in said estate, (2) that there were no claims against said estate, (3) that the heirs had fully agreed upon and distributed all of the property of said estate among themselves, and (4) that the time had expired within which an administrator might be appointed as shown upon the face of the petition filed therefor and as provided by the Revised Statutes of Idaho, sections 4060 and 4080. The matter was heard by the district court and the action of the probate court in appointing said administrator was approved and affirmed. From said judgment this appeal was taken.

The stipulated facts show that Edmund Melvin died on or about the —— day of April, 1896, at the county of Canyon, state of Idaho, and at the time of his death he was a resident of said county and left estate in said county consisting of real and personal property. The value of the personal property was not known and has been used by the heirs of said estate; that the real estate is of the value of $1,000; that the said deceased died intestate; that his estate had never been probated nor letters of administration applied for until the respondent applied therefor; that said respondent was a resident of said county and legally competent to act as administrator of said estate, and made his said application in his own behalf and on behalf of no other person; that in January, 1889, said deceased and his wife executed and delivered to the Jarvis-Conklin Mortgage Trust Company their promissory note for $625, due five years after date, together with a mortgage on the real estate of said decedent, and that said mortgage remains uncanceled, and that

since the appointment of said administrator the owner and holder of said note and mortgage has commenced an action in the district court to foreclose the same; that the debt secured by said mortgage has not been paid; that since the appointment of said administrator and since the filing of the inventory and appraisement of said estate, the owner and holder of said note and mortgage has expressly waived all claim and recourse against the said estate; that there are no claims against the said estate; that there were no claims or debts against said estate at the time of the appointment of the said administrator, except said note and mortgage above mentioned; that all of said estate has been in the peaceable possession of the heirs at law of said deceased; that said heirs have equitably and peaceably settled, divided and distributed the said estate to their complete and entire satisfaction; that the taxes on said real property have been paid by the owner and holder of said note since the death of said Melvin; that the said respondent has not and did not have at any time any interest, either directly or indirectly, in the above-mentioned property or in the estate of said deceased, or in the control, management, possession or distribution thereof; that he is not in any manner related to and has never had any interest, directly or indirectly, in any heir of said deceased or any distributee, benefactor or other person interested in said estate. That all of said heirs, distributees, benefactors and persons interested in said estate object to the appointment of any administrator.

From those facts the district court found, under the law, that said administrator had been properly appointed. It will be observed that more than six years had elapsed between the death of said deceased and the appointment of said administrator, and it is contended that such appointment was barred by the provisions of section 4060, Revised Statutes.

It is contended by counsel for appellants that proceedings in probate courts for the appointment of administrators are expressly defined and classified by the legislature as special proceedings of a civil nature, and suggest that part III of the Code of Civil Procedure, entitled "Of Special Proceedings of a Civil Nature," is composed of twelve titles, the tenth of which

is entitled "Of Proceedings in Probate Courts," and that while
proceedings in probate courts are classed as special proceedings
they are proceedings in courts for the protection or enforcement
of private rights, and that the provisions of section 4060, Re-
vised Statutes, are applicable to and include special proceed-
ings such as that at bar. Said section is as follows: "An action
for relief not hereinbefore provided for must be commenced
within four years after the cause of action shall have accrued."

Section 4020, Revised Statutes, is as follows: "There is in
this territory but one form of civil actions for the enforcement
or protection of private rights and the redress or prevention
of private wrongs; provided, that in all matters not regulated
by this code, in which there is any conflict or variance between
the rules of equity jurisprudence and the rules of the common
law, with reference to the same matter, the rules of equity
shall prevail."

Section 4080, Revised Statutes, is as follows: "The word
'action,' as used in this title, is to be construed wherever it is
necessary so to do, as including a special proceeding of a civil
nature."

And it is contended by counsel for respondent that under the
provisions of said last-quoted section some special proceed-
ings are actions, while others are not, and contends that our
statutes in relation to actions follows the interpretation and
definition of the California statute, although not expressed in
the same terms.

Section 363 of the Code of Civil Procedure of California
is identical with section 4080, Revised Statutes, above quoted.
The term "action" is defined by section 22 of said California
code as follows: "An action is an ordinary proceeding in the
court of justice by which one party prosecutes another for the
enforcement or protection of a right, the redress or prevention
of a wrong, or the punishment of a public offense." Said sec-
tion 22 is not found in our statutes.

*In re Estate of Moore,* 72 Cal. 335, 13 Pac. 880, is cited in
support of respondent's said contention. We are unable to
see wherein that case has any application to the question under
consideration. The phrase "special proceeding" has been used

in New York and other codes of procedure as a general term for all civil remedies which are not ordinary actions. (New York Code of Procedure, sec. 3; Black's Law Dictionary, 1113.)

Under the provisions of said sections 4020 and 4080, *supra*, is the proceeding to appoint an administrator to be construed as an action? We think so, for it is a proceeding given to an heir or creditor of an intestate to protect a private right.

Sections 4051 to 4059, inclusive, Revised Statutes prescribe the time in which certain actions, naming them, must be commenced, and said section 4060 provides that an action for relief not provided for in the last above-cited sections must be commenced within four years after the cause of action shall have accrued. And as the time for commencing a proceeding or action to have an administrator appointed is not particularly mentioned in either of said sections, it comes within the provision of said section 4060, and must be commenced within four years after the right to commence the proceeding or action has accrued.

The statute of limitations of this state is a statute of repose and is applicable to a creditor of a decedent having a claim which he wishes to establish against the estate, and if the widow or next of kin, or the public administrator, neglects or refuses to take out letters as provided in section 5351, Revised Statutes, the creditor may do so. And if he would save his claim against the estate from the bar of the statute, he must exercise reasonable diligence in such matter; he cannot without good cause or reason defer making application until the statute of limitations has run, and then successfully contend that said statute was suspended on account of the nonappointment of an administrator. (*Dauserman v. Charlott et al.*, 46 Kan. 480, 26 Pac. 1051.)

In that decision Chief Justice Horton said: "But a creditor cannot, as in this case, postpone the appointment for months and years and then recover upon his claim. If he can do so for several months or several years, he can do so for any indefinite length of time, and then resort to administration and establish his claim. This is not in accord with the policy of the statutes nor with our prior decisions. We do not think it

accords with right or justice in establishing claims against the estates of decedents."

That case was appealed to the supreme court of the United States, and is reported in 147 U. S. 647, 13 Sup. Ct. Rep. 466, 37 L. ed. 316. Mr. Justice Gray in delivering the opinion of that court, referring to the decision of Chief Justice Horton, above quoted from, said: "That decision was evidently deliberately considered and carefully stated, with the purpose of finally putting at rest a question on which some doubt had existed; it is supported by satisfactory reasons, and is in accord with well-settled principles, etc."

The laws of this state provide for the protection and enforcement of all rights and the redress of all wrongs shall be opportunely and with reasonable diligence demanded and enforced, if need be, by proper proceedings in the courts.

The language of section 4060, *supra,* does in fact, and we must consequently hold was intended to, comprehend every case of relief not elsewhere in the general statute directly provided for, whether sought by action or proceeding. For the term "action" as used in our statutes is broad enough and does include all proceedings in any court for the enforcement or protection of private rights and the redress of private wrongs. We believe that the legislative policy of this state has been to fix in every case a limit of time for the beginning of an action or proceeding for relief, unless in terms excepted, and said section 4060 was intended for that purpose where no other period had been prescribed. (*Allen etc. v. Froman,* 96 Ky. 313, 28 S. W. 497; *Fitzgerald v. Glancy,* 49 Ill. 465; *Lewis v. Ford,* 67 Ala. 143; 1 Woerner's American Law of Administration, sec. 201; *Harwood et al. v. Wyle,* 70 Tex. 538, 7 S. W. 789; *Flood v. Pilgrim,* 32 Wis. 376; *Filbey v. Carrier,* 45 Wis. 471.)

It is contended by counsel for respondent that the statute of limitations (section 4060, *supra*), has no application to the time in which letters of administration may be issued, and cites *Healy v. Buchannan,* 34 Cal. 569; *Lyne v. Sanford,* 82 Tex. 58, 27 Am. St. Rep. 852; *Cochran v. Thompson,* 18 Tex. 652; *In re Strong's Estate,* 119 Cal. 663, 51 Pac. 1078; *In re Pina's Estate,* 112 Cal. 14, 44 Pac. 332; *Shirley v. Warfield,* 12 Tex. Civ. App. 449, 34 S. W. 390.

In *Healy v. Buchannan, supra,* the facts show that the plaintiff was appointed administrator seventeen years after the death of his decedent, and after such appointment brought suit against the defendants for the possession of a certain lot or parcel of ground, alleging that the defendants had wrongfully entered into the possession of said premises and expelled plaintiff therefrom. In that suit the defendants demurred to the complaint on five several grounds, and the demurrer was sustained by the court; and in the course of the decision the court said: "We are very clear that an intruder without title whose possession commencing a few days after the grant of letters on the estate should not be allowed to allege that the claim of the plaintiff was stale as to him. . . . . On principles of public policy and to encourage diligence in suitors, a court of equity will not interfere to aid a stale demand. But these principles have no application to a case like the present where the defendants, averring no right or title of entry, are simply intruders of a very recent date on property which the demurrer admits belonged, at the time of his death, to the plaintiff's intestate. It is not for them to complain of the delay in granting letters on the estate." It will be observed that that was a collateral attack upon the appointment of the administrator, while the case at bar is a direct attack made on the application for the appointment of an administrator and by the heirs.

In *Cochran v. Thompson, supra,* the court holds, as stated in the syllabus, as follows: "As a general rule, grants of administration after so great a lapse of time should be regarded as nullities, but there may be special reasons which would even then support a grant, as, for instance, a money demand, or claim of the estate which had lately fallen due."

In *Lyne v. Sanford, supra,* it appears that in 1852 the existing probate law of Texas did not fix a time within which administration should commence after the death of the intestate. The intestate died in 1841, the administration commenced in 1852, and it was held under the facts of that case that the appointment of an administrator was valid.

In *Re Strong's Estate, supra,* the deceased died intestate in a foreign state without any debts, and having no property ex-

cept land in the state of California. The heirs agreed that
no administration should be taken out, and one of their number
purchased title to the whole of the property and took posses-
sion. It was held that the estate was not exempt from adminis-
tration. It appears that letters were granted to the public ad-
ministrator, upon the allegation of the jurisdictional fact that
the heirs were unknown; it was held that such appointment could
not be set aside by collateral attack made by one of the heirs
alleging that when the administrator filed his petition, and for
more than five years prior thereto, she was in actual posses-
sion of the property belonging to the estate, and the court states
as follows: "This order [referring to the order of the court
holding that such administrator was properly proceeding to ad-
minister upon said estate] until reversed or set aside by some
proper method, is conclusive upon appellant."

In *Re Pina's Estate, supra,* the court holds that if it appears
that decedent left any estate, and the same has not been ad-
ministered, letters should be granted. It appears in that case
that the court below held that there were no creditors of said
estate and no property thereof, hence, no necessity for an ad-
ministrator. The supreme court held that the evidence showed
that there was property belonging to said estate. In the opin-
ion the court says: "Whether the appellant is entitled to be so
appointed, the court did not, by reason of the erroneous view
taken by it, proceed far enough to determine, but dismissed the
application upon the grounds stated without hearing the evi-
dence as to appellant's right to administer. The latter was en-
titled to have his application determined upon its merits, and
for the failure of the court to so determine it, the order must
be reversed."

In *Shirley v. Warfield, supra,* it was held that a petition for
letters filed eleven years or more after intestate's death stated
that the intestate was possessed of property and owed debts, and
that letters were applied for at the request of a creditor was
sufficient to give the court jurisdiction.

While some of the above-cited authorities support the conten-
tion of counsel for respondent, we are not inclined to follow
them, as we believe under the provisions of our statutes it was

intended to include the proceeding for the appointment of an administrator within the statute of limitations.

While there is a conflict of authority upon this question, we think the better reasoning and weight of authority under statutes similar to our own is that such proceedings come within the statute of limitations.

It is contended by counsel for respondent that our laws contemplate that all estates shall be probated. Conceding that to be true, it does not follow that it is absolutely necessary to probate the estates of all decedents. It is held in numerous states that administration is unnecessary when there are no debts of the estate, and in volume 1 of Woerner's American Law of Administration, section 201, the author refers to eighteen states supporting the doctrine that it is not necessary to administer an estate when there are no debts against it.

When the only duty devolving upon an administrator is distribution of the estate among the heirs, and they make a satisfactory distribution thereof themselves, administration is regarded as "a useless ceremony." (1 Woerner's American Law of Administration, sec. 201.)

We therefore conclude that the court erred in the appointment of said administrator and the order and judgment appointing him must be reversed, and it is so ordered, and the cause is remanded with instructions to enter judgment in favor of appellants, dismissing said proceeding.

Costs of this appeal are awarded to appellants.

Stockslager and Ailshie, JJ., concur.