Speab, J.
The entire petition is not reproduced in the statement because it was practically conceded at the argument, and such seems to have been the view of the circuit court, that the petition states a •cause of action unless the plea of the statute of limitations is fatal to it. But it is insisted by counsel *177 that the cause of action, if one existed, accrued not later than the time of the decease of Robert Watson, and more than six years having elapsed before commencement of suit, the claim is outlawed, and such was the opinion of the majority of the learned circuit court, as appears by the report of the case, 26 O. C. C., 363, opinion by Cook, J. The opinion pertinently inquires: What is required by a creditor who seeks to enforce a claim under a contract made' in this state which accrued at the death of the debtor? Can he remain idle for an- indefinite period although no administration be taken out upon the estate by the next of kin, or is it the duty of the creditor to be diligent in having an administrator appointed in order to save his claim from the bar of the statute? In this case plaintiff in error took no steps whatever to save her claim until April 6, 1903, a period of nearly eighteen years. If the rule is that the statute did not begin to run until an administrator was appointed then claims of this nature would never become stale, as in suits at law the statute alone con- ■ trols as to whether a claim is stale or not. A party might wait, as in this case, until all the witnesses to the contract but one, who was interested as a father, were dead, and then have an administrator appointed and commence Action. Section 6005, Revised Statutes, gives authority to the probate court, where the next of kin are incompetent, or unreasonably neglect to take administration to appoint a creditor, or some person whom the court may think fit. So that it was plaintiff’s privilege to cause letters to be issued and then commence her action. This opportunity was neglected until long after the statute had run against her claim, and she ought not now to be heard. Concretely stated the holding is that in such *178 case the statute runs from the time the creditor should have had an administrator appointed and not from the time letters were in fact issued. Divers authorities are cited by the learned judge which are believed to support these views. These with others, will be found in the reporter’s notes.
One member of the court, Burrows, J., maintained a contrary view. He held in substance that the decision by the majority is not based upon any statute which meets the circumstances of this case, but the broad claim is made that the commencement of the period of limitation is not co-existent with the time when the right to bring an action, in fact exists in favor of the creditor, but when by proper steps he might, by other proceedings, have procured the right to bring his action. In other words, the statute is to be judicially amended so that its bar becomes effective after six years from the time the cause of action might have been made to accrue and not from the time it in fact did accrue. It seems plain that, unless our courts are to be governed by the statutes of other states, we have merely to decide whether the statute of limitations begins to run when the right to sue is perfect, or when such right does not exist but may be brought into existence by the act of the creditor. The prbper answer to this question is that in the absence of a positive provision of the law depriving a creditor of his right to have payment, or exonerating the debtor from the duty of 'making payment, it is not the duty and not within the power of the courts to add to the statute of limitations by attaching a condition to the right to prosecute an action which is not found in the statute itself; that to do so would be to exercise legislative rather than judicial power. The general *179 statutes limiting the time when actions may be commenced do not make provision for the enforcement of claims against the estates of decedents; and proceedings for the latter purpose are governed by,the law regulating the settlement of estates. It is not contended that the claim of the plaintiff below is barred by any provision relating to the settlement of estates; nor is it claimed that there is any provision of statute which in terms meets the circumstances of this case, but only that it is barred by section 4981 of the Revised Statutes. To engraft upon the statute the condition contended for would be simply a judicial amendment or supplement to the •statute. One feature of the general policy of our statutes is indicated by the terms of section 4989, where it is provided that when a cause of action accrues against a person who is out of the state, or where he leaves after the cause accrues, the time he is absent shall not be counted. In a suit involving absence it should be as reasonable to say, in case it should be made to appear, that, although the debtor was himself absent, yet all the time of such absence he had property within the state reachable by attachment, that fact should require the court to hold that the case presented an exception to the application of the general rule as it is to hold in this case that the failure by the plaintiff to have an administrator appointed takes the case out of the general rule and defeats the plaintiff’s right to a recovery.
We find ourselves in agreement with this view of the dissenting judge. Let us start with a clear understanding of the exact issue. The inquiry is not what rule should apply in a case where the cause of action has already accrued, and the question to *180 be answered is simply what will suspend tbe operation of the statute, but what rule is to apply where the right to maintain an action has not yet accrued. In cases involving the first inquiry interposition is .asked of the court to arrest the operation of a statute already in full effect; in the other to breathe life into a statute as yet without vitality. This distinction, in our judgment, eliminates from consideration Granger’s Admr. v., Granger, 6 Ohio, 35, and a large number of cases from other states cited and relied upon in support of the judgment below, some of which may be particularly referred to further on. Statutory provisions which are invoked to defeat the plaintiff’s claim are: section 4976 of the Revised Statutes, to the effect that civil actions can only be commenced within the periods prescribed in this chapter after the cause of action accrues, and 4981 which limits the right to commence an action to six years upon a contract not in writing. When, therefore, did the cause of action in this case accrue? When did it arise¶ When did it first exist? It seems to be conceded on all hands that it did not accrue prior to the death of Robert Watson. We cannot. conclude that it accrued at the moment of the decease of Robert Watson because to do so would be to ignore or overturn a fundamental rule of law, to-wit: that in order to give a right of action there must be a party in existence capable of suing and one capable of being sued, and, as an inevitable consequence of this principle if it be applicable, the action cannot accrue and the statute cannot begin to run, until there are in existence a person who may be plaintiff and one who may be made defendant. We understand that this as a general rule is conceded, and yet it may not be amiss to call attention *181 to two Ohio eases in which the rule has been distinctly announced. Taylor v. Thorn, 29 Ohio St., 569, 574; Treasurer v. Martin, 50 Ohio St., 197.
-It is true, as insisted by counsel for defendants in error, that in a number of states the courts have held that where it is within the power of a claimant to have a personal representative appointed, a reasonable, time only in which to secure such appointment is allowed, after which the statute will run, but in a large proportion of these cases, if not all of them, the cause of action had accrued before the decease of the debtor, and the statute was, therefore, running at the time of such decease. Those cases present the question of what will suspend the operation of the statute after it has commenced to run and not what will start it to running. Bauserman, Admr. v. Charlott, 46 Kan., 480, is of this character. Charlott’s judgment, which was the basis of his action, had been obtained long before the death of the judgment debtor, and the statute of limitations was then running. The statute of Kansas in force permitted the judgment creditor, in case the widow or next of kin neglected to take out letters for fifty days after the death of the decedent, to. obtain such letters for himself, or some other person, and the court held that the statute continued to run notwithstanding the decease of the debtor, and the statutory limit having expired, the debt was barred. We have a different case.' Two other decisions of the same court more nearly resemble our case in principle. In Carney v. Havens, Admr., 23 Kan., 82, opinion by Brewer, J., (now of the United States Supreme Court), the holding is that “where services are performed under a single and entire contract, in the absence of stipulations to the contrary, payment is *182 not due until the services are fully performed and the contract completed, and if, pending such a contract, the party employed to render the services, dies, the statute of limitations does not begin to run on the claim for compensation until by the appointment of an administrator or executor, there is some one authorized to collect and receive the compensation.” This ruling was followed in Mills v. Mills, 43 Kan., 699, where the holding is that “where a cause of action upon an agreement does not accrue until after the death of one of the parties, the statute of limitatipns will not begin to run on the claim of the estate of the deceased upon such agreement until an administrator or executor authorized to collect or enforce the payment of the claim has been appointed.” These cases are not disapproved in Bauserman v. Charlott, supra, but it is distinctly stated in the opinion that “it is not necessary at this time to re-consider any of the former decisions of this court.” But more than this. It is, we think, a mistake to assume that the statute of Kansas respecting the appointment of administrators is in all essential respects similar to ours. That statute, as above shown, enjoins upon the widow or next of kin a duty to procure administration within fifty days from the death of the decedent. No such duty is enjoined by our statute. By section 6005, if the widow and next of kin are incompetent or evidently unsuitable, or if they neglect without sufficient cause to take administration, the court may appoint a creditor, or any competent person, but there is no limit defined by statute unless it is found in section 6014, which provides that administration shall not be originally granted as of right after the expiration of twenty years from the death of the *183 deceased. It would seem not unreasonable to a.ssume that tbe language of tbe Kansas statute implies a different intent from that to be gathered from the sections of our statute bearing on the subject.
But there is still another view of this situation. The holding of the circuit court is really put upon an equitable ground, a ground in the nature of .an estoppel. The plaintiff, says the court, has been guilty of laches, in that she failed to avail herself of the means within her power to preserve her claim. May not this criticism apply also to the parties of the other side, Watson the heir, and Preshley the purchaser? Did they not omit to do that which they might easily have done to protect their titles? By the procurement of letters of administration, and due notice, Watson could easily have caused the statute to begin to run against the plaintiff’s claim, and Preshley could easily have refused to buy until that had been done, and we think it reasonable, to assume that the law in this respect is as likely to have been known by these men as that the law with respect to the appointment of an administrator was known to the plaintiff, a woman. Prom a business standpoint it was negligence on the part of these men to take the chances with respect to their titles, and it would seem not unfair in matching up equities to leave them where they have put themselves. Of course, however, it is understood that we are dealing with a suit at law and not with an equitable action, and as the majority opinion itself says, “in suits at law the statute of limitations alone controls as' to whether a claim is stale or not. ” ■
' There is to be found, here and there, language in decisions and by text authors which would imply *184 that the judgment of the writers is opposed to the conclusion we have reached and which is herein-before announced. But we think such is not the trend of judicial opinion, and we cite in support of this statement additional authorities: Angell on Lim., chap. 7; Wood on Lim., sec. 6; Murray v. East India Co., 5 B. & A., 204; Andrews v. Hartford R. R. Co., 34 Conn., 57; Hobart v. Turnpike Co., 15 Conn., 145; Bullard, In re, 116 Cal., 355; Marsteller v. Marsteller, 93 Pa. St., 350; Riner v. Riner, 166 Pa. St., 617; Parks v. Norris, 101 Mich., 71; Baird v. Reynolds, 49 N. C., 469; McCollough v. Speed, 3 McCord, 455; Benjamin v. DeGroot, 1 Denio, 151; Sorrels v. Trantham, 48 Ark., 386.
Our conclusion is reached only because we are of opinion that the court is without authority to supplement the statute, and not because we think the statute wish in this respect. Indeed we are inclined tó agree with the declaration of the learned judge of the circuit court in his report of the case, supra, and with a like expression of the court in Riner v. Riner, supra, that the present condition of the statute leaves a way open by which estates may be imposed upon, and are of opinion that an amendment providing that, in a case like the present, the statute shall commence to run from the death of the decedent, or within a fixed time thereafter, would be in the interest of justice. But this is for the general assembly and not for the courts.
The judgment will be reversed and the cause remanded with direction to overrule the demurrer to the petition and for further proceedings according to law.

Reversed.

■■’Price, Crew, Summers and Davis, JJ., concur.