(November 23, 1909.)

IDAHO FRUIT LAND COMPANY, LTD., a Corporation, Respondent, v. THE GREAT WESTERN BEET SUGAR COMPANY, a Corporation, Respondent, ELMORE COUNTY IRRIGATED FARMS ASSOCIATION, a Corporation, Appellant.

[105 Pac. 562.]

RECEIVER—JURISDICTION TO APPOINT—IRRIGATION CORPORATIONS—FOREIGN CORPORATION.

1. Where a plaintiff alleges that it has acquired an interest in an irrigation system by the purchase of water rights therein, and the irrigation company owning such system becomes insolvent and is unable to protect and care for its property and comply with its contracts with the plaintiff to furnish water, the district court or the judge thereof has power and jurisdiction to appoint a receiver for such irrigation company to preserve and care for and operate its property pending the litigation as to the plaintiff's interest in said property.

2. Where a foreign corporation appropriates water for sale, rental or distribution, and builds a system for the purpose of selling, renting and distributing such water, the right to collect rental or compensation, for the use of water supplied by such system, is a franchise; and where such corporation leases such system to another corporation engaged in the appropriation and distribution of water for rental and sale, and the latter corporation becomes insolvent and permits the system to become in disrepair and unfit to be used in the distribution of such water, the court has jurisdiction and power to appoint a receiver of the entire property of both corporations, pending litigation to determine the interest a purchaser of water may have acquired in such system.

3. Upon an application for the appointment of a receiver of a foreign corporation, where the title and possession of such corpora-

tion to property is attacked, it is error for the trial court to refuse to consider the answer of such foreign corporation, on the ground that it has failed to comply with the laws of this state regulating foreign corporations doing business within the state.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Edward A. Walters, Judge.

An action to determine the interest of plaintiff in an irrigation system and for the appointment of a receiver of such property pending such litigation. Appeal from the order appointing a receiver. Judgment *affirmed*.

E. M. Wolfe, for Appellant.

As this action is not brought to enforce a contract, it would not come within the inhibition of sec. 2653, Rev. St., as amended by the Laws of 1903, p. 49. (See *War Eagle Con. Min. Co. v. Dickie*, 14 Ida. 534, 94 Pac. 1034; *Katz v. Herrick*, 12 Ida. 7, 86 Pac. 873.)

The court should have considered appellant's answer as well as the plaintiff's complaint, and finding therein a full and complete denial of every material allegation in the complaint was without jurisdiction to appoint a receiver. (*Sweeney v. Mayhew*, 6 Ida. 455, 56 Pac. 87.)

J. G. Watts, and Wyman & Wyman, for Respondent.

The constitution, art. 15, sec. 1, declares that appropriation of waters for sale, rental or distribution is a public use, and the first concern of the courts is to see that the public gets the benefit of that use, and if it becomes necessary. for the courts to take charge of the distribution of water, in order that the public may have the use to which they are entitled, the courts will not hesitate to take such charge. The water is exclusively dedicated to the public. (*Wilterding v. Green*, 4 Ida. 773-779, 45 Pac. 134.) The constitution also declares, art. 15, sec. 2, that the right to collect rates or compensation for the use of water is a franchise. Art. 11,

sec. 15, prohibits the legislature "from passing any law permitting the leasing or alienation of any franchise so as to release or relieve the franchise or property held thereunder from any of the liabilities of the lessor or grantor, or lessee or grantee," etc.

Appellant cannot, in the face of the constitutional provisions above quoted, ask this court to relieve its franchise and property from the burden placed upon it by the lessee.

STEWART, J.—On March 18, 1909, the judge of the district court, in and for Elmore county, appointed a receiver to take charge of the following property:

"That certain water right to the waters of Little Camas creek, amounting to 500 cubic feet per second, the notice of which is dated the twenty-seventh day of October, 1902, and recorded in book 18 of Water Rights, at page 112; also a water right to the waters of Wood creek to the extent of 100 cubic feet per second, the notice of which is dated the twenty-fifth day of October, 1902, and is recorded in book 18 of Water Rights, at page 113; also a water right to the waters of Lime creek to the extent of 200 cubic feet per second, notice of which is dated the twenty-fifth day of October, 1902, and is recorded in book 18 of Water Rights, at page 114; also a water right recorded in the name of Daniel W. Greenburg to the waters of Cat creek and Camas creek to the amount of 500 cubic feet per second, notice of which is dated the thirteenth day of April, 1902, and is recorded in book 18 of Water Rights, at page 79, all in the records of Elmore county, state of Idaho; also a certain reservoir on Long Tom creek in said Elmore county, capable of empounding about 2,600 acre feet of water, which said reservoir is located in sections 13, 14, 15, 22, 23, 24, 25, 26, 27, 34, 35, 36, township 1 south, range 7 east, and in sections 1 and 2, township 2 south, range 7 east, and in sections 30 and 31, township 1 south, range 8 east of Boise meridian; also a certain reservoir on Little Camas creek, capable of empounding about 16,000 acre feet of water, which reservoir is situated in sections 9, 10, 11, 15, 16, 21, and 22, township 1 south, range 9 east of

Boise meridian; also a conduit or canal connecting Little Camas reservoir with Long Tom reservoir; and also the various distributing canals which take the water from Long Tom reservoir, or from the canyon at the mouth of Canyon creek and distribute it to the water users under said system, all of the above property being known as the Great Western Beet Sugar Company's Irrigation System; also those certain water rights on Rattlesnake creek and Canyon creek known as the water rights of the Elmore County Irrigated Farms Association, and the Mountain Home reservoir, having a capacity to empound about 5,130 acre feet of water, and to the canals and ditches which take the water to the water users under said reservoir and canals; also that certain right to the flood waters of Long Tom acquired by the Great Western Beet Sugar Company by actually empounding the flood waters of said creek in the Long Tom reservoir above described.''

From this order the Elmore County Irrigated Farms Association appeals. The action was brought in the district court by the Idaho Fruit Land Co., Ltd., a corporation, plaintiff, against the Great Western Beet Sugar Co., a corporation, and the Elmore County Irrigated Farms Association, a corporation, defendants.

In the complaint the plaintiff alleges that it is a corporation organized under the laws of the state of Idaho, with its principal place of business at Mountain Home, Elmore county; that the defendant Great Western Beet Sugar Company is a corporation organized under the laws of the state of Washington, and ever since about the year 1902 has been doing business in the state of Idaho, at Mountain Home in said Elmore county; that the defendant, the Elmore County Irrigated Farms Association, is a corporation organized under the laws of the state of Washington, and ever since about the year 1901 has been doing business as such corporation in Elmore county, but has had no officers or place of business or designated agent within said county; that the plaintiff, the Idaho Fruit Land Company, is the owner of a large tract of land, to wit, about one thousand acres, and that there

are a large number of other land owners, to wit, about three hundred, who own lands aggregating in all about forty thousand acres, and that all of the owners of said lands are owners of water rights entitling them to the use of water from the irrigation system described in the complaint and are the joint owners of said system; that about the year 1902 the Great Western Beet Sugar Company proposed to build an irrigation system for the irrigation of said lands, and to raise money for such purpose by the sale of water rights to land owners, and by inducing others to come there and purchase and appropriate under the land laws of the territory to be irrigated, and to purchase water rights for the irrigation of lands, and represented that when the system was completed and the water rights sold thereunder were paid for, the irrigation system would become the property of the land owners who had purchased water rights from said irrigating system; that in pursuance of the general plan, the Great Western Beet Sugar Company located certain water rights and purchased other water rights, and between the years 1902 and 1907 sold and disposed of about forty thousand acres of water rights for land located, upon the promise and inducement of the company as above stated; that the Beet Sugar Company, from the funds so raised from the sale of water rights, constructed certain reservoirs for the impounding of water and canals and laterals for the distribution of said water, but that the same are not of sufficient size or so located as to supply more than twenty-five per cent of the purchasers to whom water rights were sold; that the Irrigated Farms Association has a legal title to the water rights and reservoir known as the Mountain Home Reservoir, and also certain canals and laterals, and that the irrigation system built by the Beet Sugar Company and the Irrigated Farms Association constitutes the irrigation system known as the Mountain Home Irrigation System, or the Great Western Beet Sugar Company's irrigation system; that the Beet Sugar Company about the year 1904 leased from the Irrigated Farms Association its plant, and ever since that date has been using the reservoir, ditches and laterals which distribute

the waters from said reservoir as a part and parcel of its system, and has conducted the waters from the Beet Sugar Company's reservoirs through the ditches and laterals, and made distribution through the same indiscriminately for the former users of water from the Mountain Home reservoir and the purchasers of water rights in the Beet Sugar Company's system, and has held out to the purchasers of water rights and the users of water under said system that it was the owner of said reservoirs; and since 1904 the Irrigated Farms Association has had no representative or officer in Elmore county or any designated agent upon whom service might be had, and has had no agent or officer in said county or state; that the irrigation works composing such system, except the Mountain Home reservoir and its distributing canals, were built by the money paid by the plaintiff and the other persons whom it represents, and the money was furnished to the Beet Sugar Company for the purpose of building said system, with the understanding that the property was to become the property of the water right holders; that the Beet Sugar Company has not invested any of the money of said company in the building of said system, except as it represents the interests of the plaintiff and others obtaining water rights from such company, and the money so realized has been used in repairs on the canals and ditches and the reservoir of the Irrigated Farms Association, to which plaintiff has made no objection; that the reservoirs and conduits composing such system are in bad repair, and in their present condition incapable of serving the persons entitled to water through the same, and that to properly repair the same will involve an expenditure of $10,000 or thereabouts; that the condition of the reservoirs and canals is such that they will not carry sufficient water to meet the demands of the users, and that they are in imminent danger of great damage unless immediate repairs are made thereon; that the ditches are filled with gravel, weeds and other debris and will not carry more than half of their contemplated capacity; that the Beet Sugar Company is insolvent, and has no funds whatever with which to make such repairs, and has no credit or standing whereby it may secure funds for making such repairs.

Then follow allegations with reference to the misapplication of the funds of the Beet Sugar Company and the diversion of the same for purposes other than that originally intended; and then it is alleged that if such company remains, in possession of such system for another season, its value will greatly decrease, its property become destroyed, and the lands of the plaintiff will become greatly damaged because of insufficient water; and that the plaintiff's investment will be totally lost and greatly diminished in value; that the plaintiff and the other persons who have purchased water rights are the equitable owners of the system, and by reason of such fact are entitled to have said system turned over to the plaintiffs as such owners; that the plaintiff and others have settled upon and improved their lands and invested large sums of money, and are absolutely dependent upon such lands for their support, and that they have no other means of securing water for the irrigation of said lands, and that if they fail to obtain water for the season of 1909, they will be without means of supporting themselves and families and will suffer great hardship and damage; that plaintiff is unable to state whether the Irrigated Farms Association is solvent or otherwise, but alleges that for five years last past its property has been under the control and management of the Beet Sugar Company, and has been suffered to become in bad condition and incapable of giving proper services in supplying water to the users from such system: that such company has not complied with the constitution of this state entitling it to do business in this state, and in order to protect the plaintiff, it is necessary that such property be placed in the control of the court; that unless someone is appointed to take charge of such property and make immediate repairs thereon, pending the litigation herein, plaintiff and others will suffer great and irreparable damage.

Upon these allegations plaintiff prays that a decree be entered decreeing that the irrigation system described is the property of the plaintiff and others, and that the defendants have no right, title or interest therein; for the appointment of a receiver, and for an injunction preventing the transfer

of such property during the pendency of the action, and for general relief.

To this complaint the Beet Sugar Company filed an answer and put in issue the ownership of the irrigation system described in the complaint, the way the funds were raised to construct such system, the amount realized from the sale of water rights as alleged in the complaint, whether the system of the Irrigated Farms Association is a part of the Beet Sugar system, and whether the Beet Sugar Company has any interest therein except a one-sixth interest in the capital stock of said company. It alleges that in the year 1904 it leased from the Irrigated Farms Association its plant, and during the years 1905 and 1906 used the same for the distribution of waters to its customers, and in return distributed water to the patrons of the Irrigated Farms Association; and in 1905 sold water rights to many people, and that the two systems were so constructed that they could be used as one system, and in consideration of the Beet Sugar Company's keeping the Irrigated Farms Association's system in repair and distributing water for the same and paying the taxes, the same constituting a rental for such system, that this defendant had the privilege of distributing its water to its patrons through said system, and that such arrangement was continued down to and including the year 1908, but that the Irrigated Farms Association has now terminated said agreement.

Other admissions and allegations are made which are unimportant in so far as this application is concerned. These are matters which in the main relate to the use of the funds and the detailed description of the two systems and the plaintiff's interest and ownership in said property and their right to receive water. Admission is made, however, that the plaintiff and a large number of settlers have settled upon and improved lands under said system; that they have invested considerable money in improvements, and are dependent upon their lands to support themselves and families; that there is no other means of obtaining water for the irrigation of the same; that if they fail to secure water during the season of 1909, they will suffer damage; that it has no funds

on hand to complete the system, and that the system cannot be completed by the company under existing conditions, because of its insolvency.

The Elmore County Irrigated Farms Association also filed an answer, in which it denies that now or at any time since May 1, 1907, it has been doing business as such corporation in the state of Idaho; denies that the plaintiff or any of the persons, for whom it claims to appear, own water rights or any right whatever to the waters controlled by the defendant; that its system is independent from that of the Beet Sugar Company, and that the same do not compose one system, and that it is the owner of its own system and has legal title thereto; denies that in 1904 or at any other time it leased to the Beet Sugar Company, or that the Beet Sugar Company has ever had any right to use said property, and alleges that from April 4, 1902, to July, 1907, it had a duly appointed statutory agent at Mountain Home, Elmore county, Idaho, and since April 4, 1902, in all other respects complied with the laws of the state. It denies on information the allegations with reference to the use of the money paid by plaintiff and others to the Beet Sugar Company, and that its system is filled with sand and gravel, except to the extent of a year's use, and alleges that it is ready, able and willing to clean out said canals and ditches and put the same in shape for the distribution of water for the season of 1909; denies that the plaintiff has any interest, legal or equitable, in or to its property, and denies its insolvency and alleges that it is the owner of property of a value of $150,000, unencumbered, and has means and intends to protect its property and to put the same in proper shape for the distribution of water during the irrigating season of 1909. Other allegations are contained in this answer which are immaterial in so far as bearing upon the application for the appointment of a receiver.

At the hearing for the appointment of a receiver, the plaintiff filed affidavits showing the condition of the irrigation system and the necessity for immediate repairs and the damage that would result if the repairs were not made, and the plan and method of operating the two systems as one.

It will thus be seen that the pleadings present certain issues of fact which can only be determined upon final trial, and cannot be determined upon the application for the appointment of a receiver. What interest the plaintiff may have acquired, if any, in the Beet Sugar Company property, or whether the property of appellant has become impressed with a duty which the constitution of this state denies the appellant the right to defeat, is a matter which should receive the most serious consideration at the hands of the courts of this state, and ought not to be finally determined upon the application for the appointment of a receiver.

We have no doubt whatever but that the court had power and jurisdiction to appoint a receiver of the Great Western Beet Sugar Company's property, as it clearly appears that this company is insolvent; that plaintiff and others had contractual relations with such company of some kind which gave them certain rights with reference to receiving water from such company, and that the company was in such a financial condition that it was unable longer to furnish water or preserve its property or fulfill its obligations. In fact, every fact necessary to be established to authorize the appointment of a receiver seems to be admitted in the answer of the Beet Sugar Company, and we shall dismiss from further consideration the question as to the appointment of a receiver of this company, as this company has not appealed from the order of the court appointing such receiver.

It is, however, argued most strenuously by counsel for the Irrigated Farms Association that the facts appearing in the record do not show that the court had jurisdiction to appoint a receiver of this company. It does appear that this company was the owner of certain water rights and an irrigation system for the sale, rental and distribution of the public waters of the state. It is alleged in the complaint that the Irrigated Farms Association leased its property and irrigation system to the Beet Sugar Company, which made contracts to furnish water. Counsel for respondent contends that this allegation brings the Irrigated Farms Association within the provisions of sec. 15 of art. 11 of the constitution of this state, as follows: "The legislature shall not pass any

law permitting the leasing or alienation of any franchise so as to release or relieve the franchise or property held thereunder from any of the liabilities of the lessor or grantor, or lessee or grantee, contracted or incurred in the operation, use or enjoyment of such franchise, or any of its privileges''; and that under the provisions of this section of the constitution, there is a privity between the appellant and the plaintiff, for the reason that the appellant, having leased its property to the Beet Sugar Company, and the Beet Sugar Company having contracted with the plaintiff and others to furnish water, that the franchise of the Irrigated Farms Association became impressed with the contracts and obligations of the Beet Sugar Company in the operation, use and enjoyment of such franchise and all its privileges.

Sec. 1, art. 15 of the constitution of this state declares that ''The use of all waters now appropriated, or that may hereafter be appropriated, for sale, rental or distribution; also of all water originally appropriated for private use, but which after such appropriation has heretofore been, or may hereafter be, sold, rented or distributed, is hereby declared to be a public use, and subject to the regulation and control of the state in the manner prescribed by law.'' And sec. 2 of the same article is as follows: ''The right to collect rates or compensation for the use of water supplied to any county, city or town, or water district, or the inhabitants thereof, is a franchise, and cannot be exercised except by authority of and in the manner prescribed by law.'' And sec. 4 of the same article declares: ''Whenever any waters have been, or shall be, appropriated, or used for agricultural purposes, under a sale, rental or distribution thereof, such sale, rental or distribution shall be deemed an exclusive dedication to such use; and whenever such waters, so dedicated, shall have once been sold, rented or distributed to any person who has settled upon or improved land for agricultural purposes, with the view of receiving the benefit of such water under such dedication, such person, his heirs, executors, administrators, successors or assigns, shall not thereafter, without his consent, be deprived of the annual use of the same, when needed

for domestic purposes, or to irrigate the land so settled upon or improved,'' etc.

We thus see that under these constitutional provisions the water appropriated by the appellant was dedicated to a public use, and that the right to collect rates or compensation is a franchise; and when such waters shall have once been sold, rented or distributed to any person, who has settled upon or improved land for agricultural purposes, such person shall not thereafter without his consent be deprived of the annual use of the same. The appellant, then, was exercising within the state of Idaho a franchise under the provisions of the constitution; it was engaged in serving the public. If the appellant leased its irrigation system to the Beet Sugar Company, as alleged in the complaint, and the Beet Sugar Company made contracts with the appellant and others for water, then the liability of the appellant, under the provisions of the constitution, ought not to be finally determined upon an application for the appointment of a receiver; but such question should be left open to final adjudication upon its merits. According to the pleadings, the Irrigated Farms Association leased its system to the Beet Sugar Company, not only for the purpose of serving its own patrons, but also the patrons of the Beet Sugar Company; and it appears for at least three years the system has been so used with the knowledge and consent of the appellant. To now hold, under this state of facts, and after such system has become in disrepair and unsuitable and inadequate to supply the persons who have made contracts for water, that the court has no jurisdiction to appoint a receiver for the preservation of such property, would, in our judgment, be a manifest injustice to the plaintiff and those who have made contracts with the Beet Sugar Company. The exact relation of the parties ought not to be determined upon a preliminary hearing such as arises upon the application for the appointment of a receiver to preserve the property pending the litigation.

Rev. Codes, sec. 4329, expressly authorizes and empowers the appointment of a receiver ''between partners or others jointly owning or jointly interested in any property or fund, on the application of the plaintiff or of any party whose

right to, or interest in, the property, or fund, or the proceeds thereof, is provable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.''

The appellant has not been in possession of this property for at least three years, has permitted the same to be operated by the Beet Sugar Company, now an insolvent corporation, has taken no steps to repair the property, which it is admitted is in bad condition and unsuitable to do duty as an irrigation system, has not complied with the laws of this state as required of foreign corporations, and the existence of these facts, and the fact that the plaintiff claims to have acquired an interest in the property of the appellant, we think fully authorized and empowered the trial court to exercise the judicial discretion vested in it to appoint a receiver for the preservation of the property in litigation, pending such litigation.

The appellant admits that its canals and ditches are partially filled with sand and gravel, but alleges that it is only to the extent usual after a year's use and such as is customary in all irrigation systems; and alleges that it is ready, able and willing to clean out said canals and ditches and to put the same in shape for the proper distribution of its water prior to the irrigation season of 1909; and that plaintiff has no interest, legal or equitable, in its property.

While this answer is made, yet there was no evidence before the trial judge showing the good intentions on the part of the appellant to perform the acts alleged in its answer. It may have been ready, able and willing to put the system in condition to be used, and yet not have done so. In fact, one of the first steps, in our opinion, which would have tended to show its good faith, would have been a compliance with the laws of this state in appointing an agent and qualifying under the law, so as to entitle it, as a foreign corporation, to do business in this state; and without some act on its part, moving in the direction of putting its irrigation system in a condition to protect the rights of the plaintiff, we believe the court was perfectly justified and had full jurisdiction to take charge of such property pending the trial of the interest which plain-

tiff claims to have acquired in such property, and in appointing a receiver to preserve and care for such property.

At the hearing for the appointment of a receiver, the appellant offered and asked the trial judge to consider its answer filed in said cause. This was denied by the trial judge, and this is assigned as error. We think the trial court should have considered this answer. The appellant had a right to file its answer and defend its property, even though it had not complied with the laws of this state as a foreign corporation. This fact did not deny it the right to protect its title and right of possession, as against the claim of plaintiff, to have acquired an interest therein. (*War Eagle Consolidated Min. Co. v. Dickie,* 14 Ida. 534, 94 Pac. 1034.)

The failure, however, of the trial court to consider the answer of the appellant could have made no difference in the power or jurisdiction of the judge to appoint such receiver. Even though such answer be considered, still the record, in our judgment, fully authorized and empowered the trial court to appoint a receiver. Finding no error in the record, the order is *affirmed.* Costs awarded to *respondent.*

Sullivan, C. J., concurs.

Ailshie, J., concurs in the conclusion that the order should be *affirmed.*