(September 30, 1913.)

## EXCHANGE NATIONAL BANK, Appellant, v. NORTHERN IDAHO PINE LUMBER COMPANY, LTD., Respondent.

### [135 Pac. 747.]

RECEIVER — APPOINTMENT—APPOINTMENT BY DISTRICT JUDGE — ORDER WHEN FILED—WHEN TITLE IS VESTED IN RECEIVER.

1. Sec. 4880, Rev. Codes, provides: "Every direction of a court or judge, made or entered in writing, not included in a judgment, is denominated an order. An application for an order is a motion."

2. Sec. 4881, Rev. Codes, provides: "Motions must be made in the county in which the action is pending, or in any county in the same judicial district. Orders made out of court may be made by the judge of the court in any part of the state."

3. Where a motion is made by filing the same with the clerk of the district court of Bonner county, alleging facts sufficient to show cause of action for the appointment of a receiver, and is filed during the morning of the 24th of August, 1911, Bonner county being a county in the same judicial district in which the action was pending for the appointment of a receiver, and an order was made by the court at chambers by the judge signing the order, the fact that it was signed by the judge in Bonner county, one of the counties in the district over which the judge presided, and the fact that it was not filed by the clerk on the same day, would not affect the order or power of the court to take possession of the property by the signing of the order.

4. Secs. 4880 and 4881, Rev. Codes, provide that every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order, and that an application for an order is a motion, and motions must be made in the county in which the action is pending or any county in the same judicial district. Orders made out of court and at chambers may be made by the judge of the court in any part of the state. In the present case Judge Flynn had the power and authority to make the order for the appointment of a receiver upon proper application in a cause pending in a county within his district, and when he made the order by signing it, it became effective, and the order signed by the judge appointing a receiver vested title in the receiver, and the court by reason of the appointment went into possession of the property of the Northern Idaho Pine Lumber Company, and by reason

of such appointment the property of the Northern Idaho Pine Lumber Company was not subject to attachment, and the court did not err in making such appointment.

5. *Held,* in this case, that the trial court did not err in denying a motion to pay the money realized by the sheriff and receiver to the Exchange National Bank of Coeur d'Alene.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. R. N. Dunn, Judge.

A motion for appointment of receiver.   *Affirmed.*

Whitla & Nelson, for Appellant.

If the order did not have to be entered or filed before it became effective, then counsel for respondent could have kept the order indefinitely and enjoyed all the fruits of the order, at the same time not allowing the objecting parties who were injured thereby the right of appeal therefrom.   (*State ex rel. Morgan v. Lamm,* 9 S. D. 418, 69 N. W. 592.)

Before any order or judgment can be appealed from it must be spread upon the records as permanent and incontestable evidence of the action of the court.   (*Winstead v. Evans* (Tex. Civ. App.), 33 S. W. 580; *Burns v. Skelton,* 29 Tex. Civ. App. 453, 68 S. W. 527; *Coe v. Erb,* 59 Ohio St. 259, 69 Am. St. 764, 52 N. E. 640; *Miller v. Wolf,* 63 Iowa, 233, 18 N. W. 889.)

The word "made" in this statute should be construed the same as where it is stated that a person "made" a deed or "made" any other instrument, which includes not only the formal act of signing the instrument and writing it out, but also includes the full execution and delivery thereof.   (*Hazelet v. Holt County,* 51 Neb. 716, 71 N. W. 717.)

"Where an order is granted upon notice of motion to the first party, it does not become complete or effective for any purpose until entered."   (29 Cyc. 1515.)

We have not been able to find a decision by any court holding that an order which was made *ex parte* without notice would affect third persons who obtained rights before that order became a matter of public record.   (*In re Schuyler's*

*Steam Towboat Co.*, 136 N. Y. 169, 32 N. E. 623, 20 L. R. A. 391; *Wilcox v. National Shoe & Leather Bank*, 67 App. Div. 466, 73 N. Y. Supp. 900; *Vilas v. Page*, 106 N. Y. 455, 13 N. E. 743; *Hastings v. Improvement Co.*, 46 App. Div. 609, 61 N. Y. Supp. 998.)

In a number of other cases where the exact date of the orders was not the matter directly in controversy, courts have said that the receiver took title when the decrees and orders appointing him were entered. (*Conn. River Banking Co. v. Rockbridge Co.*, 73 Fed. 709; *In re Perry Aldrich Co.*, 165 Fed. 249.)

Elder & Elder and C. H. Potts, for Respondent.

"An order made in pursuance of a decision on a motion relates back and operates as of the date when the decision was made." (29 Cyc. 1521; citing *May v. Cooper*, 24 Hun (N. Y.), 7.)

An order made by a judge at chambers for the appointment of a receiver is the same as if made by the court. It is made in writing and is complete when signed. The filing or entry of the order in the records of the court by the clerk is purely a ministerial or clerical act, and cannot affect the validity or scope of the order made. (Sec. 3890, Rev. Codes; *Niles v. Edwards*, 95 Cal. 41, 30 Pac. 134; *Winstead v. Evans* (Tex. Civ. App.), 33 S. W. 580.)

"One who has no lien when a receiver is appointed, although the mere right to acquire one may then exist, cannot proceed for that purpose by independent action after the appointment of the receiver and be given preference over other creditors." (34 Cyc. 199.)

"The qualified title of a receiver to the property he is directed to take and hold relates back to the time of his appointment, and actual seizure by him is not necessary to cut off rights which attach only after the order of appointment." (*Horn v. Pere Marquette R. Co.*, 151 Fed. 626; *Connecticut River Banking Co. v. Rockbridge Co.*, 73 Fed. 709; *Temple v. Glasgow*, 80 Fed. 441, 25 C. C. A. 540; High on Receivers, sec. 136; Beach on Receivers, sec. 217; Gluck & Becker on

Receivers, sec. 40; *Pope v. Ames,* 20 Or. 199, 23 Am. St. 119, 25 Pac. 393, 10 L. R. A. 779; *Maynard v. Bond,* 67 Mo. 315; *Texas Trunk Ry. Co. v. Lewis,* 81 Tex. 1, 26 Am. St. 776, 16 S. W. 647; *Ardmore Nat. Bk. v. Briggs M. & S. Co.,* 20 Okl. 427, 129 Am. St. 747, 94 Pac. 533, 23 L. R. A., N. S., 1074, 16 Ann. Cas. 133; *In re Christian Jensen Co.,* 128 N. Y. 550, 28 N. E. 665; *Atlas Bank v. Mahant Bank,* 23 Pick. (40 Mass.) 480; *Fogg v. Supreme Lodge etc.,* 159 Mass. 9, 33 N. E. 692.)

An attachment on property made after the court took charge of it in insolvency proceedings will give no lien, though the receiver had not taken actual manual caption of it. (*McDonald v. Charleston C. & C. Co.,* 93 Tenn. 281, 24 S. W. 252.)

STEWART, J.—On the evening of the 23d of August, 1911, William Wittenberg filed an action in the district court of the eighth judicial district for Kootenai county, about 4:55 P. M. The action was based upon a promissory note. Summons was issued. After the complaint had been filed and the summons was issued the attorney for plaintiff withdrew the papers from the files and carried them to Sandpoint, Bonner county, which is included in the eighth judicial district, where Judge Flynn, one of the judges of said district, was at that time, and Judge Flynn at his chambers, between the hours of 10 and 11 A. M., of the 24th of August, signed an order appointing a receiver for the Northern Idaho Pine Lumber Company. On August 24th the plaintiff in this action filed its action against the defendants, which was upon a promissory note given by the defendant, Northern Idaho Pine Lumber Company, to Harry A. Richards, and by him sold and transferred before due to the plaintiff. This complaint was filed about 2:30 P. M., August 24th, and at this same time summons was issued and a writ of attachment was duly issued and placed in the hands of the sheriff, who immediately proceeded to attach the property of the defendant and did attach the property and took possession of the same, and the property was finally disposed of upon the stipulation of the parties, and the trial court found that the plaintiff was entitled to recover from the defendants in the sum

of $5,851.87, and attorneys' fees, and it was ordered and adjudged and decreed that the plaintiff, the Exchange National Bank of Coeur d'Alene, should recover from the defendant, the Northern Idaho Pine Lumber Company, a corporation, the sum of $5,851.87, with interest, together with the sum of $100 fees and costs.

The appeal is from the order made after judgment denying plaintiff's application for order to the clerk to pay plaintiff's judgment from moneys in the clerk's hands, and the appeal is from the whole of the order and each and every part thereof, and is taken as an appeal from a special order made after final judgment. The notice of appeal reads as follows:

"From the order and the whole thereof made by the Honorable R. N. Dunn, Judge of the above-entitled district court, overruling and denying the motion of the plaintiff to require the clerk to pay to the plaintiff from the moneys received from the sale of the property attached in this action by the plaintiff and which was sold by George Ott as receiver of the Northern Idaho Pine Lumber Company, Limited, under a stipulation made and filed in this court on the 9th day of March, 1912, the sum of $6,283.87, being the amount of the plaintiff's judgment herein, together with interest. . . . . Which said order denying said motion was made on the 20th of June, A. D. 1913, and filed herein on the 21st day of June, 1913."

There is but one question involved, and that is whether the order of District Judge Flynn is made when the judge by judicial act signs the order, or whether it is made when the clerk by ministerial act files the order. In other words, whether the order of Judge Flynn appointing George Ott became effective on the instance of the signing of the order. or whether the order became effective when the same was filed and the receiver qualified as such and took possession of the property.

Sec. 4880, Rev. Codes, provides: "Every direction of a court or judge, made or entered in writing, and not included

in a judgment, is denominated an order. An application for an order is a motion.''

Sec. 4881, Rev. Codes, provides: "Motions must be made in the county in which the action is pending, or any county in the same judicial district. Orders made out of court may be made by the judge of the court in any part of the state.''

The motion made at Sandpoint, Bonner county, during the morning of the 24th of August, 1911, being in a county in the same judicial district in which the action was pending for the appointment of a receiver, an order was thereupon made by the court at chambers by a judge signing the order. The fact that it was not filed on the same day would not affect the order or the power of the court to take possession at that time of the property, by the signing of the order.

High on Receivers, 4th ed., sec. 136, discusses this question and cites many authorities where the same question involved in this case was considered and decided. The author says: "As regards the precise time when the receiver's title and right of possession attaches to property which is the subject of the receivership, the better rule would seem to be, as held in New York, that they vest by relation back to the date of the *original order appointing him, although the proceedings may not be perfected until a later date;* and that the receiver's title and right of possession during the interval between such order and the time of perfecting his appointment 'are superior to those of judgment creditors, or of attaching creditors, who levy upon the property during such interval. . . . . In all such cases actual possession by the court appointing the receiver is not necessary to complete its jurisdiction or control over the property as against other creditors. It is sufficient that the court has assumed jurisdiction over the property in controversy by appointing a receiver, and it is, therefore, as much in the possession of the court as if already in the hands of its receiver, even though he has not yet complied with the order requiring the execution of a bond.''

In the case of *Dahlstrom v. Portland Min. Co.,* 12 Ida. 87, 85 Pac. 916, this court, in construing sec. 4880, held: "Under

the provisions of sec. 4880 of the Revised Statutes an 'order' is defined to be every direction of a court or judge made or entered in writing and not included in a judgment.'' Subd. 4 of sec. 3890 of the Rev. Codes provides: ''To hear applications for the appointment of a receiver or to discharge one already appointed, or to modify the order appointing one, and to make all orders in relation to receivers, usually made by a judge or a court in such matters.''

The foregoing sections of the code clearly provide that every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order, and that an application for an order is a motion, and motions must be made in the county in which the action is pending or any county in the same judicial district. Orders made out of court and at chambers may be made by the judge of the court in any county of his district. Judge Flynn had the power and authority to make an order for the appointment of a receiver on a proper application in a cause pending in any county within his district, and when he made the order by signing it, it became effective, and the order signed by the judge appointing a receiver vests title in the receiver, and the court, by reason of the appointment, went into possession of the property of the Northern Idaho Pine Lumber Company, and by reason of such appointment the property of the Northern Idaho Pine Lumber Company was not subject to attachment and the court did not err in making such appointment.

With reference to the payment of the money realized by the sheriff and the receiver, for which a motion was made that the same should be paid over to the Exchange National Bank of Coeur d'Alene, which motion was denied by the district judge as heretofore set out in this opinion, by an order made on the 20th of June, 1913, and filed on the 21st of June, 1913, the money was paid to the clerk of the court under the appointment of the receiver, and it would go into the possession of the receiver as such under his appointment, and would be disposed of to the general creditors of the corporation, and the court's order was made for that purpose. The judge committed no error in making the order of June 20, 1913.

The judgment of the trial court is affirmed.   Costs awarded. to respondent.

Ailshie, C. J., and Sullivan, J., concur.