(April 25, 1916.)

JOHN V. FARWELL COMPANY, a Corporation, Respondent, v. GLENN B. CRANEY, as Trustee of the Interstate Mercantile Company, a Corporation, a Bankrupt, Appellant.

[158 Pac. 383.]

RECEIVER—APPOINTMENT OF—COMPENSATION OF—REPORT—OBJECTIONS TO—APPROVAL OF.

1. *Held,* that the court did not err in the appointment of a receiver and in the making of certain orders, and in the affirmance of the final account or report of the receiver.

[As to when it is proper to appoint a receiver, see note in 72 Am. St. 29.]

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Appeal from certain orders made by the court in regard to compensation of the receiver and the approval of his final report. Orders of the court affirmed.

Reed & Boughton, for Appellant.

An appeal will not lie from orders made upon *ex parte* application. (2 Cyc. 621; *In re Dunn,* 59 Hun, 626, 14 N. Y. Supp. 14; *Stewart v. Stewart,* 127 App. Div. 672, 111 N. Y. Supp. 736; *Wilson v. Martin,* 43 Wash. 95, 86 Pac. 205, 10 Ann. Cas. 37; *Board of Education v. Ward,* 50 W. Va. 443, 40 S. E. 344.)

"An order allowing compensation to a receiver should be made only after notice and a hearing at which the parties

interested have an opportunity of contesting the claim.'' (34 Cyc. 473; *Joralmon v. McPhee,* 31 Colo. 40, 76 Pac. 922; *Ruggles v. Patton,* 143 Fed. 312, 74 C. C. A. 450; *Merchants' Bank v. Crysler,* 67 Fed. 388, 14 C. C. A. 444.)

''Courts are usually indisposed to allow a receiver any payment made to counsel for services when the employment has not been authorized by the court.'' (High on Receivers, 4th ed., p. 956; *Dalliba v. Winschell,* 11 Ida. 364, 114 Am. St. 267, 82 Pac. 107; *Hulings v. Jones,* 63 W. Va. 696, 60 S. E. 874; *Henry v. Henry,* 103 Ala. 582, 15 So. 916; *Clapp v. Clapp,* 49 Hun, 195, 1 N. Y. Supp. 919.)

Ezra R. Whitla, for Respondent.

The orders made allowing compensation to the receiver are appealable. (*Tompson v. Huron Lumber Co.,* 5 Wash. 527, 32 Pac. 536.)

''An order requiring payment of receiver's compensation and other expenses out of funds in the receiver's hands is a final order, from which an appeal lies.'' (*Ogden City v. Bear Lake etc. Irr. Co.,* 18 Utah, 279, 55 Pac. 385; *Grant v. Los Angeles & P. Ry. Co.,* 116 Cal. 71, 47 Pac. 872; *Union Nat. Bank of Chicago v. Mills,* 103 Wis. 39, 79 N. W. 20; *Guarantee Trust & S. D. Co. v. Philadelphia etc. R. Co.,* 69 Conn. 709, 38 Atl. 792, 38 L. R. A. 804; *Crosby v. Morristown & C. G. R. Co.* (Tenn.), 42 S. W. 507, 508; 2 Cyc. 612.)

The lower court's decision in such matters is practically conclusive, as he has personal knowledge of what the receiver did and the necessity for the appointment of counsel, and is in a position to know the correctness of the compensation. (*Olson v. State Bank,* 72 Minn. 320, 75 N. W. 378; *Hickey v. Parrot Silver & C. Co.,* 32 Mont. 143, 108 Am. St. 510, 79 Pac. 698; *Stuart v. Boulware,* 133 U. S. 78, 10 Sup. Ct. 242, 33 L. ed. 568; *Welch v. Renshaw,* 14 Colo. App. 526, 59 Pac. 967; *Tompson v. Huron Lumber Co.,* 5 Wash. 527, 32 Pac. 536.)

''The receiver is entitled, as a matter of right, to the benefit of counsel when the nature of the trust requires it.'' (*Hickey v. Parrot Silver & C. Co.,* 32 Mont. 143, 108 Am. St. 510, 79

Pac. 698; High on Receivers, par. 805, p. 959; *Anderson v. Fidelity & Deposit Co.*, 100 Ga. 739, 28 S. E. 463.)

SULLIVAN, C. J.—This action was brought by the plain-tiff corporation to recover on a promissory note of $4,666.66 alleged to have been executed by the defendant corporation and others, and for the appointment of a receiver to take charge of the property of the defendant corporation.

It appears that during the proceedings Glenn B. Craney, trustee of the estate of the defendant Interstate Mercantile Company, a bankrupt, was substituted as defendant in the place and stead of said Interstate Mercantile Company, the corporation which was made defendant by the plaintiff, and the cause thereafter proceeded under the title of John V. Farwell Co., a Corporation, v. Glenn B. Craney, as Trustee of the Interstate Mercantile Company, a Corporation, a Bankrupt.

A receiver was appointed with power to take possession of the assets of said corporation and to continue the mercantile business of said corporation under the orders of the court.

The answer put in issue many of the allegations of the complaint and also denied the execution of said note by the defendant corporation, and denied that the defendant was in any manner indebted to the plaintiff, and prayed that the plaintiff take nothing by this action, and also filed a motion to vacate the order appointing the receiver. The motion was denied.

Thereafter the receiver prepared an inventory of the assets of said defendant corporation. Objection was made to the expense allowed the receiver for taking an inventory of the stock of goods; also to the allowance to the receiver of six dollars per day compensation; also for the allowance of $250 attorney's fees and $50 expenses; also to the acceptance of the report of the receiver as filed, all of which objections were based upon the records in the action and certain affidavits.

To all of these objections the plaintiff corporation interposed a motion to strike based on six grounds, and in support of such motion plaintiff also filed certain affidavits, and

after a hearing the court found that the objections and exceptions of the appellant to the final account and report of the receiver and the motion to set aside and annul certain orders made by the court in said receivership proceedings and all of said objections were overruled and denied and the final account and report of the receiver and the supplemental report were approved and affirmed.

This appeal is from certain orders made by the court in said matter, and the appellant assigns three errors: (1) That the court erred in overruling defendant's objections and exceptions to the final report of the receiver; (2) That the court erred in denying the motion of defendant to set aside certain orders made in said receivership proceeding; (3) That the court erred in approving and allowing a final account of the receiver and discharging him and his bondsmen.

After a careful consideration of this matter and of all the points raised, we are satisfied that there is no reversible error in the record. It will serve no good purpose to enter into a lengthy discussion of the points involved in the case, and we shall not do so.

Finding no reversible error in the record, the orders of the court appealed from must be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.