No. 10,336.

THE EUREKA COAL COMPANY *v.* MCGOWAN.

Decided December 18, 1922.

Action for appointment of a receiver for a corporation. Judgment for plaintiff.

*Affirmed.*

1. RECEIVERS—*Appointment.* The contention that the court acted without jurisdiction in the appointment of a receiver because the appointment was made in an independent action and not in a cause pending, overruled.

2.     *For Corporations—Jurisdiction of Courts.* While courts have jurisdiction to appoint receivers for corporations, the power

should be exercised with the utmost caution, and only where a receiver is imperatively necessary to protect property or rights.

3.    *Facts Justifying Appointment for Corporation.* Where the two principal stockholders of a corporation were engaged in a contest over the control of the property, and the outstanding capital stock was so distributed that no board of directors could be elected to manage the affairs of the company, it is held that a receiver was properly appointed.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Mr. HORACE N. HAWKINS, Mr. A. W. MCHENDRIE, for plaintiff in error.

Messrs. SABIN & MCGLASHAN, Messrs. DAVIS & WALLBANK, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was plaintiff in a suit to have a receiver appointed for plaintiff in error, defendant below, and had judgment appointing a receiver. The cause is now before us on error.

From the record it appears that plaintiff and one Hoye furnished an equal amount of funds to open and operate a coal mine, for the working of which they incorporated the defendant company. Each was to have 3400 shares of the capital stock of said company, of the par value of $10. E. J. Churchill, in his lifetime, was the counsel of the company, and with the two persons named formed the board of directors. Churchill having died, McGowan undertook to purchase of Churchill's heirs the one share of stock held by him to qualify him as a director, and brought suit to compel a transfer of said share to him.

In the complaint in the instant case it is alleged that Hoye, the secretary of the company, had unlawfully obtained possession of a certificate for one share of stock originally issued to one Crowley, and that he refused to transfer to McGowan, on the company's books, the share

of stock acquired from the heirs of Churchill; that the plaintiff, owning one-half of the shares, was denied all voice in the management of the company; that the business was mismanaged, and that until the title to the said two shares of stock is determined, an election of directors cannot be held. The court found that this was a proper case for the appointment of a receiver, pending the election of a new board of directors, and appointed a receiver accordingly.

Plaintiff in error contends that the court acted without jurisdiction, because the receiver was appointed in an independent action, and not in a cause pending. Counsel rely on *Jones v. Bank of Leadville,* 10 Colo. 464, 17 Pac. 272, and *People v. District Court,* 33 Colo. 293, 80 Pac. 908, but if the opinions in those cases are read in connection with the facts there presented, and the language applied to those facts, it cannot be said that they settle the law as to this case. The question involved in this case was not, and could not properly have been considered in those cases.

Under the final paragraph of section 179 of 1908 Code, courts are authorized to appoint receivers "In such other cases as are in accordance with the practice of courts of equity jurisdiction." What, then, has been the practice in courts of equity in such a case as this?

That a receiver may be appointed for a partnership when the partners' quarrel imperils the firm property is well established. This case is but slightly different from that of a quarrel between partners, and when there is no board of directors in being to manage the property, it is clearly the duty of a court of equity to take charge of the property, through a receiver, until the emergency be passed. The authorities to this effect are numerous.

In Pomeroy's Eq. Jur. (4th Ed.) Sec. 1545, it is said:

"The power of a court of equity to appoint a receiver of a corporation either because it has no properly constituted governing body, or because there are such dissensions in its governing body as to make it impossible for the corporation to carry on its business with advantage to its stock-

holders, appears to be settled; but it is equally well settled that this power is subject to certain limitations, namely, it must always be exercised with great caution, and only for such time and to such an extent as may be necessary to preserve the property of the corporation, and protect the rights and interests of its stockholders. As soon as a lawfully constituted and competent governing body comes into existence, whether it is brought into existence by an adjustment of the dissensions or by the election of a new body, and such body is ready to take possession of the property of the corporation, and proceed in the proper discharge of its duties, the court must lift its hand and retire."

In the case of *Tompkins Co. v. Catawba Mills,* 82 Fed. 780, the court says:

"The insolvency of the corporation is denied. It is not denied that in the board of directors and in the administration there is a deep-seated division, not to be healed. This makes a receiver imperatively necessary."

The case of *Sternberg v. Wolff,* 56 N. J. Eq. 389, 39 Atl. 397, presents a situation very similar to that in the instant case, in that the four directors were in a deadlock. The court pointed out that mere trading organizations might be subject to the control of a court of equity where public corporations would not be so subject, and held that a receiver should be appointed to protect the property while the governing body was not able to function.

The same rule is announced in *Jasper Land Co. v. Wallis,* 123 Ala. 652, 26 So. 659. See also *Boyle v. Superior Court,* 176 Cal. 671, 170 Pac. 1140; 23 R. C. L. p. 23, sec. 16; 34 Cyc. p. 96; and Tardy's Smith on Receivers, p. 720.

The jurisdiction being conceded, under all the authorities the power will be exercised with the utmost caution, and only where a receiver is imperatively necessary to protect property or rights.

In the instant case it is undisputed that the property was held by two persons, with two shares of stock out-

standing, which had been issued in the organization of the company. The principal owners were engaged in a contest over the control of the property, and suit was pending over the ownership of these outstanding shares. It was, therefore, a case peculiarly proper for the application of the rule above stated. The court alone, through a receiver, could protect the interest of both parties. The appointment was proper under the facts disclosed by the record.

The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.