(No. 5326.   March 6, 1930.)

J.  B.  ELDRIDGE,  Respondent,  v.  PAYETTE–BOISE WATER  USERS'  ASSOCIATION,  a  Corporation,  et al.,  Appellants.

[285 Pac. 1039.]

T.  A.  Walters  and  Walter  Griffiths,  for  Appellants.

Charles F. Reddoch, Wm. M. Morgan, J. B. Eldridge, Thomas E. Buckner, Scatterday & Stone and Barber & Barber, for Respondent.

GIVENS, C. J.—This case has been before this court on two previous occasions involving a motion to dismiss the appeal (279 Pac. 713), wherein one of the appellants, Brown, was eliminated and the appeal of Kollenborn permitted to stand on the order of the court disallowing his claim and allowing other claims to which he objected. On motion to strike the brief and transcript and to limit the appeal (283 Pac. 1040), it was indicated that the limiting of the appeal should be disposed of upon the merits, now presented.

Appellant's assignments of errors may be summed up in two contentions; first, that the trial court did not have jurisdiction to appoint a receiver, and second, that there is no evidence to sustain the order of the court allowing respondent's claim. No assignment of error is based upon the disallowance of appellant's claim.

Appellant did not object in the court below to the appointment of a receiver, nor file anything in opposition thereto, but, on the contrary, after the appointment of the receiver filed his claim.

Appellant urges that a receiver may not be appointed in this state for a corporation. This court has, however, held to the contrary. (C. S., sec. 6817; *Hall v. Nieukirk,* 12 Ida. 33, 118 Am. St. 188, 85 Pac. 485; *Idaho Fruit Co. v. Great Western Co.,* 17 Ida. 273, 105 Pac. 562; *Exchange Nat. Bank v. Northern Idaho etc. Co.,* 24 Ida. 671, 135 Pac. 747; *John V. Farwell Co. v. Craney,* 29 Ida. 85, 157 Pac. 383; see, also, *Scattergood v. American Pipe Co.,* 249 Fed. 23; *Hitchcock v. American Pipe Co.,* 89 N. J. Eq. 440, 105 Atl. 655; *Smith v. Solomon Valley Dredging Co.,* 147 Wash. 69, 264 Pac. 1009; *Davis v. Edwards,* 41 Wash. 480, 84 Pac. 22; Clark on Receivers, 2d ed., sec. 187, subd. a, p. 212.)

Appellant also urges that the complaint was insufficient. The complaint in effect alleged that the defendant was indebted to the plaintiff in a large sum; that the only asset defendant possessed was the right to levy and collect assessments; that there were two boards of directors contending for control; that the assessments levied by one board had been ordered discharged by the other; that the Federal Reclamation Service, with the acquiescence of one of the boards, was threatening to take over valuable rights of defendant without compensation; that defendant was unable to meet its obligations or obtain a loan to pay the same; that unless a receiver was appointed the property rights of the defendant would be wasted and the deadlock and turmoil would continue and prevent the functioning of the defendant.

The answer of the defendant, the Payette-Boise Water Users' Association, admitted all the allegations of the complaint and joined in the request for the appointment of a receiver.

The allegations were sufficient to authorize the appointment of a receiver. (*Gibbs v. Morgan,* 9 Ida. 100, 72 Pac. 733; *Tompkins v. Catawba Mills,* 82 Fed. 780; *Powers v. Blue Grass Bldg. & Loan Assn.,* 86 Fed. 705; *Jasper Land Co. v. Wallis,* 123 Ala. 652, 26 So. 659; *Boyle v. Superior Court,* 176 Cal. 671, 170 Pac. 1140, L. R. A. 1918D, 226,

and note; *Eureka Coal Co. v. McGowan*, 72 Colo. 402, 212 Pac. 521; *Nelson v. United Elevators Co.*, 115 Kan. 567, 223 Pac. 814; *Bowen v. Bowen-Romer Flour Mills*, 114 Kan. 95, 43 A. L. R. 238, and note, 217 Pac. 301; *Adams v. Farmers' Bank*, 167 Ky. 506, 180 S. W. 807; *Boothe v. Summit Coal Min. Co.*, 55 Wash. 167, 19 Ann. Cas. 1255, 104 Pac. 207.)

There is sufficient evidence in the record to justify the allowance by the court of· respondent's claim. This disposition of the cause renders it unnecessary to pass upon appellant's request *in re* diminution of the record.

The judgment is affirmed. Costs awarded to respondent.

Budge, Lee and McNaughton, JJ., and .Koelsch, D. J., concur.

Petition for rehearing denied.