(No. 5581.   March 19, 1931.)

P. E. SMITH, Receiver, PAYETTE–BOISE WATER USERS' ASSOCIATION, LTD., a Corporation, Respondent, v. FRANK DICKERSON, FRED O. BURRIS, M. E. WEBSTER, ED STRAUS, SAVILLA FROST and HARVEY HATCH, Appellants.

[297 Pac. 402.]

478

T. A. Walters and Walter Griffiths, for Appellants.

Scatterday & Stone, Thos. E. Buckner and Charles F. Reddoch, for Respondent.

BUDGE, J.—This proceeding is in the nature of an application for an order after judgment, upon petition filed by the receiver of the Payette-Boise Water Users Association, Limited. A judgment had previously been entered against the association representing claims of various creditors filed with the receiver and by him allowed. The petition prayed for an order of the court levying an assessment upon each and every share of stock belonging to the members or stockholders of the association, said assessment to be declared a lien on the lands of the individual stockholders, and the proceeds of said assessment to be used in the payment of the judgment aforementioned, together with interest on the claims represented thereby, expenses of the receivership, etc. After notice given to the stockholders, persons representing different classes of interests as stockholders appeared and filed objections and protests to the levying of the assessment prayed for. These protests were

in the form of motions to strike any demurrers to the petition. After a hearing on the petition and the objections thereto a decree was made and entered by the court levying an assessment on the stock of $1.83 per share and providing that the lands of the stockholders be sold, together with the stock in the event of failure to pay the assessment; also an order taxing costs against the protestants. This appeal is from the decree and order taxing costs.

The Payette-Boise Water Users Association was incorporated in 1904, under and by virtue of the laws of the state of Idaho; its purpose being to provide and distribute water for the irrigation of the lands of its shareholders. Pursuant to this purpose the association in 1906 entered into a contract with the United States and under the terms of the contract the Boise project, consisting of certain irrigation works, was constructed comprising lands now embraced within the boundaries of a number of irrigation districts. See, for detailed statement relating to organization and development of project, *Payette-Boise Water Users Assn. v. Cole*, 263 Fed. 734.

The by-laws of the association provided that the owners of land within a certain described area should be qualified to own shares of stock in the association. Under a form of stock subscription contract set out in the by-laws and executed by those desirous of becoming stockholders of the association, the subscriber agreed that "in conformity with the by-laws of said association" the water rights and shares of stock obtained thereunder should become and be perpetually appurtenant to the land, unless otherwise forfeited or transferred by reason of it being impracticable to use water for the irrigation of the land. The subscription contract further provided:

"Assessments shall become, from time to time, as they are made and levied, a lien on the said lands of the undersigned (subscriber) and his transferee against which they are levied, and upon the said shares of stock and all rights and interests represented by such shares; and until they are

paid or otherwise discharged shall be and remain a lien thereon. The manner of enforcing said lien shall be by foreclosure and sale of the stock and lands as herein provided for payments on capital stock."

By art. 5, sec. 1, of the by-laws it is provided:

"Revenues necessary for the accomplishment of the purposes of this Association shall be raised by an assessment thereof from time to time as required upon and against the shareholders."

The by-laws further providing (art. 3, sec. 6) that the board of directors should have the power to prosecute and defend lawsuits, etc., and to make all contracts in the name of the association necessary and proper for the conduct of the affairs and the carrying on of the business of the asssociation, an assessment would appear to be proper which seeks the raising of revenue for the purpose of liquidating an indebtedness created by the board of directors under the powers conferred upon them.

Thompson, in his work on Corporations (vol. 6, p. 734, sec. 4828), says: "It scarcely needs judicial authority to the proposition that stockholders can agree that assessment may be levied on their stock." The stock subscribers' contract herein having been made subject to and in conformity with the by-laws of the association, the provisions of each, above quoted, show that the subscribers expressly agreed to the levy of assessments, waiving the method of enforcing collection as fixed by the statutes then in force. In *Payette-Boise Water Users' Assn. v. Fairchild*, 35 Ida. 97, 205 Pac. 258, 259, the following language was used by the court in passing upon the identical provisions:

"It is apparent that the stock subscription contract taken together with the by-laws, constitutes an agreement for the collection of assessments, and that the method agreed upon directly excludes and supersedes that prescribed by statute.

"The defendants agreed to pay assessments; to secure such payments, they gave a lien on their stock and lands;

they agreed that such lien should be enforced by foreclosure and sale, as in the case of mortgages.''

In *Wall v. Basin Min. Co.*, 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013, and *Sanderson v. Salmon River Canal Co., Ltd.*, 45 Ida. 244, 263 Pac. 32, it was held that assessments may be levied upon fully- paid stock of a corporation.

While organized under the general corporation laws of the state, the association was not intended to be operated for profit. It is the creature of its stockholders, land owners under the Boise project expecting to derive benefits from the operation and maintenance of irrigation works and the delivery to their lands for irrigation purposes of water from the system. When it is remembered that this association was organized primarily for the purpose of providing and distributing water for the irrigation of lands of its stockholders, that for years it has been endeavoring to accomplish that purpose—water having been received by the shareholders whether assessments were paid or not—and the assessment herein asked will take the place of all others attempted to be levied and the proceeds thereof used to liquidate the indebtedness of the corporation, under the agreement of the stockholders in their stock subscription contracts and the by-laws it was within the equitable powers of the trial court upon the showing made to direct the levying of an assessment against the stock sufficient to discharge the legitimate obligations of the association. (*Hall v. Eagle Rock etc. Co.*, 5 Ida. 551, 51 Pac. 110; *Hobbs v. Twin Falls Canal Co.*, 24 Ida. 380, 133 Pac. 899; *Kaye v. Metz*, 186 Cal. 42, 198 Pac. 1047; *Greene & Griffin Real E. & I. Co. v. Salt River Valley, etc.*, 25 Ariz. 354, 217 Pac. 945; *Selig v. Hamilton*, 234 U. S. 652, Ann. Cas. 1917A, 104, 34 Sup. Ct. 926, 58 L. ed. 1518, reviewing laws of Minnesota respecting liability of a stockholder of an insolvent corporation and holding that state court had authority to make assessment against stockholders, but not precluding latter from asserting any personal defense to its enforcement. The enforcement of the lien against the individual

stockholders is not involved in this proceeding, and we do not determine their individual liability. And it may be observed as to stockholders of the association whose lands are situated in the state of Oregon that while the courts of this state would not have the power of enforcing the lien of an assessment upon their lands, an assessment may be levied against a nonresident's stock in a domestic corporation.

Of the original subscribed stock of the association the court found a portion thereof was canceled and a number of subscribers released from liability. Certain land owners on the north side of the Boise River who had signed stock subscriptions in consideration of water rights being made available to their lands by and through the association were not furnished water as agreed and were compelled to procure water from a different source. These persons have not been treated as members of the association and their stock subscriptions were canceled. Other stock subscriptions were made by land owners under the New York canal, conditioned upon the performance of certain conditions which were not complied with, and the consideration for the signing of said subscription contracts having failed, such persons are not members of the association. Other acreage for which subscriptions of stock were made has from time to time been withdrawn by reason of the land not being susceptible of irrigation or becoming nonproductive from seepage; until at the present time 100,965.65 acres or shares of stock remain subject to assessment.

The by-laws provide that if it should become impracticable to beneficially use water for the irrigation of any lands to which the right to the use of water is appurtenant, said right may be severed and transferred; also if the water available from the system be insufficient the number of shares shall be reduced according to the number of acres not irrigable from the available water supply.

Releases of subscribers owning lands in the Riverside, Pioneer, and Nampa and Meridian Irrigation Districts were passed upon and held not to be void in *Payette-Boise Water Users Assn. v. Cole, supra.*

A number of previous assessments were levied against the stock of the association, some of which were paid and others remaining uncollected. A detailed discussion of reasons for the conclusion that these assessments were illegally levied and therefore void would render this opinion needlessly prolix; and it is sufficient to say that these pretended assessments did not comply in several respects with statutory requirements governing assessments on corporate stock by directors. (C. S., secs. 4733-4751.)

The proposed levy of $1.83 against each share of stock takes into consideration the payment of previous assessments by some of the stockholders, so as to permit credits to their shares of the amounts paid. It is readily seen therefore that each share of stock will bear an equal assessment, that on which something has been paid on account of previous assessments being credited accordingly, and that on which nothing has been paid on account of former assessments being subject to payment of the amount fixed by the decree. "There is authority for allowing to those stockholders who pay promptly the amounts for which they are liable a credit thereon to the extent of the payment." (*J. W. Cooney Co. v. Arlington Hotel Co.*, 11 Del. Ch. 286, 101 Atl. 879, 895; *Ionia, E. & B. F. M. Ins. Co. v. Ionia Circuit Judge*, 100 Mich. 606, 59 N. W. 250, 32 L. R. A. 481.)

It may be noted that none of the items making up the amount used in computing the assessment here involved is attacked by appellants. One of the principal items has heretofore received the consideration of this court and the evidence found sufficient to sustain its allowance. (*Eldridge v. Payette-Boise Water Users Assn.*, 49 Ida. 36, 285 Pac. 1039.)

We are of opinion there was sufficient competent evidence to support the findings and decree of the trial court. In thus disposing of the cause due consideration has been given the numerous assignments of error made by appellants, but in endeavoring to decide the issues upon the merits it has not been thought necessary to here discuss a

number of assignments of error not argued by appellants and which do not affect any substantial rights of the parties.

 Under the definition of an "action" in *Gwinn v. Melvin,* 9 Ida. 202, 209, 108 Am. St. 119, 2 Ann. Cas. 770, 72 Pac. 961, as applied to the provisions of C. S., sec. 7207, subd. 5, sec. 7210, it was not improper to tax costs against appellants.

Judgment affirmed; costs to respondent.

Lee, C. J., Givens and McNaughton, JJ., and Adair, D. J., concur.

Petition for rehearing denied.