[No. 13804. Department One. July 25, 1917.]

VERE PENNECARD, *Appellant*, v. GIANT LEDGE MINING COMPANY et al., *Respondents*.[1]

CORPORATIONS—STOCK—ASSESSMENTS — BY-LAWS—CONDITIONS. A by-law that no assessment shall be levied upon stock while any previous one remains unpaid unless the power of the corporation shall have been exercised to collect it, was intended for the protection of stockholders who have fully paid their assessments and does not exempt from further assessment one who is in default and refuses to pay all his assessments.

SAME—BY-LAW—REPEAL. Under by-laws providing that they may be amended or repealed by a majority vote of the trustees at a monthly meeting after notice given at the previous meeting, a by-law repealed at a monthly meeting without notice is repealed by approval of the proceedings at the next monthly meeting, the same trustees being present at both meetings.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered May 25, 1916, upon findings in

[1]Reported in 166 Pac. 629.

favor of the defendant, in an action to cancel a sale of corporate stock, tried to the court. Affirmed.

*McWilliams, Weller & Brown*, for appellant.

*Cullen, Lee & Matthews*, for respondents.

MORRIS, J.—Appellant was the owner of 10,750 shares of the capital stock of the respondent corporation, which stock was, upon its face, subject to assessments. At the time of its purchase, a small cash payment was made upon the stock, and thereafter between June 9, 1914, and July 15, 1915, ten assessments were made upon appellant's stock, amounting to $96.75. Notice of these assessments was sent to and received by appellant. He refused to pay any of them, and on September 18, 1915, his stock, following the statutory proceedings, was sold to respondent Prescott. No question arises as to the manner of the sale.

The only contention raised on this appeal by appellant is that the assessments were illegally made in that section 3, article 3, of the by-laws provides that:

"No assessment shall be levied while any portion of the previous one remains unpaid unless the power of the corporation shall have been exercised in accordance with the provisions of this article for the purpose of collecting such previous assessments, or the collecting of the previous one has been enjoined."

The evident purpose of this by-law is the protection of stockholders who have fully complied with assessments made against their stock. Such stockholders under the by-law were not to be burdened with subsequent assessments until all stockholders had contributed pro rata, so that a few stockholders could not be made to bear the burdens of the corporation. It cannot mean, as contended by appellant, that one who fails to pay an assessment against his stock thereby exempts himself from any further assessment. The assessments were properly made.

13—97 WASH.

Another question is whether or not this section of the by-laws was repealed. The by-laws provide that they may be altered, amended, or revoked by majority vote of the trustees at any monthly meeting, notice being given at a previous meeting of any intended change, and that the change must not be acted upon for at least one month from the time of giving of notice. On June 9, 1914, the trustees, at a regular meeting, made certain changes in the by-laws, among them repealing section 3, article 3. The next regular meeting of the trustees was held on July 14, 1914, at which time the only business transacted was the approval of the transaction of the meeting of June 9. Appellant now contends that section 3 was not repealed, in that it was not shown that notice was given of the intended change in the by-laws. There is no merit in this contention. The same trustees were present at both meetings. The most that could be said is that the changes proposed at the meeting of June 9 would not take effect until the regular meeting of July 14. But whether they took effect on June 9 or July 14 is immaterial. Neither is it material whether or not the by-law is or is not in force, since it in no manner affects the sale of delinquent stock.

Judgment affirmed.

Ellis, C. J., Chadwick, and Main, JJ., concur.