(February 20, 1922.)

## PAYETTE–BOISE WATER USERS ASSOCIATION, LTD., a Corporation, Appellant, v. SHERMAN D. FAIRCHILD and GERTRUDE B. FAIRCHILD, Cross-Appellants.

[205 Pac. 258.]

AMICABLE SUIT—NO PRESUMPTION OF COLLUSION—SUBSCRIPTION CONTRACT—LIEN FOR ASSESSMENTS — INSTRUMENT GIVEN EFFECT OF MORTGAGE—EXCLUSIVE REMEDY BY FORECLOSURE.

1. Where the record on appeal discloses a real controversy between the parties, and that a decision upon the merits will result in awarding relief which neither party will concede the other, collusion not being established, the fact that the suit may be an amicable one raises no presumption in its disfavor.

2. Where in a subscription contract for shares in a water users' association it is agreed that payments on authorized assessments shall be secured by a lien on the shares and lands of the subscriber, to be enforced by foreclosure and sale as in the case of mortgages, the plaintiff in an action to force collection may not segregate from the contract the simple promise to pay such assessments and sue on, the contract for a personal judgment, without foreclosure.

3. *Held,* that a lien created by virtue of the subscription contract in this case fulfils the requirements of C. .S., secs. 6355 and 6356, defining mortgages and their manner of creation. Such lien must be deemed in effect a mortgage, thereby relegating the plaintiff to an exclusive remedy by foreclosure and sale for collection of the debt.

APPEAL AND CROSS–APPEAL from District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action for personal judgment on stock subscription contract. Demurrer to complaint sustained and action dismissed. *Affirmed.*

Publisher's Note.

1. What constitutes moot case, see note in **Ann. Cas.** 1918B, 558.

Eldridge & Morgan, for Appellant.

An action in debt will lie for a personal judgment against the party subscribing for stock, under a contract such as the one in this case. (*Beedy v. San Mateo Hotel Co.,* 27 Cal. App. 653, 150 Pac. 810; *People's Home Savings Bank v. Sadler,* 1 Cal. App. 189, 81 Pac. 1029.)

Such contract was a promise to pay, and entirely eliminated the necessity of following the statutory remedy. (*Kohler v. Agassiz,* 99 Cal. 9, 33 Pac. 741; *Marysville Electric Light & Power Co. v. Johnson,* 93 Cal. 538, 27 Am. St. 215, 29 Pac. 126; *Imperial Land & Stock Co. v. Oster,* 34 Cal. App. 776, 169 Pac. 1159.)

"A stockholder in a corporation is bound by the articles of incorporation and the by-laws of the corporation whether he has signed them or not." (*McFadden v. Board of Supervisors,* 74 Cal. 571, 16 Pac. 397; *Marshall v. Wentz,* 28 Cal. App. 540, 153 Pac. 244; *Anglo-American Land, Mortgage & Agency Co. v. Dyer,* 181 Mass. 593, 92 Am. St. 437, 64 N. E. 416.)

"A sale or forfeiture of defendant's shares was not a condition precedent to the right to recover this assessment. While a remedy for forfeiture is given by the articles of the association, this remedy is cumulative, and is no bar to an action at law for the debt. This is clearly intended as a concurrent remedy." (*Campbell v. American Alkili Co.,* 125 Fed. 207, 61 C. C. A. 317; *Nashua Savings Bank v. Anglo-American L., M. & A. Co.,* 189 U. S. 221, 23 Sup. Ct. 517, 47 L. ed. 782; 14 C. J. 646; *Jonas v. Frost,* 32 Ida. 214, 179 Pac. 949.)

E. G. Davis, for Cross-appellants.

Sec. 17, art. 11, of the constitution relates to and limits the personal liability of a stockholder, but in no way limits the power of the corporation to make assessments upon stock fully paid up and subjecting such stock to sale for the purpose of discharging the obligations of such corporation.

(*Wall v. Basin Mining Co., Ltd.,* 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013; 14 Corpus Juris, 647.)

"The stockholder may waive his constitutional right, and become liable by his own acts or consent." (*Ireland v. Palestine etc. Co.,* 19 Ohio St. 369.)

The provisions of existing law with reference to the making of corporate assessments enter into and become a part of every stock subscription contract unless it is expressly stipulated to the contrary. (*Los Angeles Athletic Club v. Spires,* 166 Cal. 173, 135 Pac. 298; *Imperial Land & Stock Co. v. Oster,* 34 Cal. App. 776, 168 Pac. 1159; *People's Home Sav. Bank v. Sadler,* 1 Cal. App. 189, 81 Pac. 1029.)

Van de Steeg & Breshears, Walter Griffiths and T. A. Walters, *Amici Curiae.*

This is a suit amicably instituted and conducted, wherein each of the parties litigant desires the same decision and which decision would affect the rights of third parties. It does not present for the decision of this court a *bona fide* controversy. It is collusive, and not prosecuted in good faith. (*Lord v. Veazie,* 8 How. (U. S.) 251, 12 L. ed. 1067; *Haley v. Eureka County Bank,* 21 Nev. 127, 26 Pac. 64, 12 L. R. A. 815; *Muskogee Gas etc. Co. v. Haskell,* 38 Okl. 358, Ann. Cas. 1915A, 190, 132 Pac. 1098; *Gardner v. Goodyear Dental Vulcanite Co.,* 131 U. S. Appendix, CIII, 21 L. ed. 141; *Van Horn v. Kittitas County,* 112 Fed. 1; *Connoly v. Cunningham,* 2 Wash. Ter. 242, 5 Pac. 473.)

LEE, District Judge.—Subsequent to the argument and submission of these appeals, certain parties as friends of the court filed and presented a motion to dismiss, alleging, in substance, that the issues are fictitious and feigned, involving neither a substantial nor *bona fide* controversy between the parties, but amicably and collusively presented by them for the purpose of securing some decision affecting the rights of strangers to the record.

This contention cannot be sustained. The record discloses a very real controversy between the parties; and a decision upon the merits will award relief which neither party will concede the other. No sufficient showing has been made to establish collusion, and the fact that a suit may be an amicable one raises no presumption in its disfavor.

The plaintiff and appellant, the Payette-Boise Water Users Association, seeks a personal judgment against the respondents and cross-appellants, Sherman D. Fairchild and Gertrude B. Fairchild, husband and wife, by reason of certain heretofore levied assessments, which, it is alleged, defendants, after repeated demands, have refused to pay. The complaint charges in part that on or about May 27th, 1910, the defendants executed and delivered to plaintiff their certain stock subscription contract for seventy shares of plaintiff's stock; that it was agreed under the terms of said contract that the same was made " . . . . in conformity with the by-laws of said association," of which sec. 6 of art. 3 specified: "The board shall have the power to estimate, make and levy all assessments against the shareholders of the association, to the extent and in the manner authorized by the articles of incorporation, and these by-laws"; and further agreeing, "Assessments shall become from time to time as they may be levied a lien on the said lands of the undersigned and his transferee against which they are levied, and upon said shares of stock and all rights and interest represented by such shares; and until they are paid or otherwise discharged shall be and remain a lien thereon. The manner of enforcing said lien shall be by foreclosure and sale of the stock and lands as herein provided for payments on capital stock."

The defendants by their demurrer challenged the plaintiff's right to a personal judgment, claiming that its remedy was restricted to the procedure authorized by art. 6, tit. 37, C. S.; and further contending that the complaint upon its face showed the plaintiff entitled to a judgment of foreclosure only.

The court sustained the demurrer upon the latter contention. Judgment of dismissal was entered, and the respective parties appealed. The only question for determination is what method of collection shall the plaintiff pursue under its contract with the defendants. As has been noticed, the subscription contract specifically provides that the manner of enforcing the lien given as security for the payment of assessments shall be by foreclosure and sale of the stock and lands as in said contract provided for delinquent payments on capital stock. This latter provision declares with reference to stock payments: " . . . . until fully paid, the payments due thereon shall be a lien upon such lands and shares, and the said lien enforced by foreclosure and sale of said stock and lands, or so much thereof as may be necessary, in the manner provided by law for the foreclosure of mortgages.''

It is apparent that the stock subscription contract, taken together with the by-laws, constitutes an agreement for the collection of assessments, and that the method agreed upon directly excludes and supersedes that prescribed by statute.

The defendants agreed to pay assessments; to secure such payments, they gave a lien on their stock and lands; they agreed that such lien should be enforced by foreclosure and sale, as in the case of mortgages. Now, can the plaintiff, without foreclosure, waiving all other elements of this contract, segregate the simple promise to pay, and sue thereon for a personal judgment?

Sec. 6949, C. S., declares that there can be but one action for the recovery of any debt or the enforcement of any right secured by a mortgage upon real estate or personal property. What, then, is the nature of the lien in question? Clearly, the intention of the parties was to treat it as a mortgage. Neither a transfer of stock or lands could defeat it, under the direct terms of their contract. Its effect was to subject specific property to the charge of the assessments until they should have been satisfied; and the contract was executed in writing and duly acknowledged.

There was no change of possession, nor conveyance of title, but a simple hypothecation of described property for the payment of a debt.

These conditions directly fulfil the requirements of secs. 6355 and 6356, C.'S., defining mortgages and their manner of creation. The lien, to all effect and intent, must be deemed a mortgage, compelling the plaintiff to an exclusive remedy by foreclosure and sale. (*Newlin etc. Co. v. McAfee,* 64 Ala. 357.)

The judgment of dismissal is affirmed. Costs are awarded to defendants and cross-appellants.

Budge, McCarthy, Dunn and Lee, JJ., concur.