PAYETTE–BOISE WATER USERS' ASSOCIATION, LIMITED, a Corporation, Respondent, v. AMOS J. MILLER, Appellant.

[259 Pac. 286.]

WATERS AND WATER RIGHTS — WATER USERS' CORPORATION — ASSESSMENTS LEVIED FOR OPERATION OF CORPORATION — PREVIOUS ASSESSMENT UNPAID—EFFECT—DEFENSE TO COLLECTION NOT COLLATERAL ATTACK—STOCKHOLDER NOT ESTOPPED.

1.   Under C. S., secs. 4734, 4735, a water users' corporation having stockholders restricted to land owners within reclamation district is not entitled to enforce collection of assessments levied for operation of corporation until having collected previous assessment levied and not paid.

2.   Where number of stockholders were delinquent in payment of assessments in water users' corporation, defense by stockholder to corporation's direct action for subsequent assessment on ground such provision assessments were unpaid *held* not collateral attack.

3.   Stockholders in water users' corporation *held* not estopped to raise defense, in action against him by corporation for assessments, that previous assessments levied had not been paid where there were others besides such stockholder who were delinquent in payment of assessments levied previously.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. B. S. Varian, Judge.

---

Publisher's Note.

See Waters, 40 Cyc., p. 826, n. 68 New.

Action to enforce payment of assessments levied. Judgment for respondent. *Reversed.*

T. A. Walters and Walter Griffiths, for Appellant.

The complaint does not disclose the fact, which is a condition precedent to a corporation's right and authority to levy assessments, that at least one-fourth of the authorized capital stock has been subscribed. A complaint which fails to show this fact does not state a cause of action and is demurrable. (C. S., sec. 4733; *Wall v. Basin Min. Co.*, 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013; *San Bernardino Inv. Co. v. Merrill*, 108 Cal. 490, 41 Pac. 487; *Ventura & O. V. Ry. Co. v. Hartman*, 116 Cal. 260, 48 Pac. 65.)

The power to levy assessments on holders of fully paid shares of capital stock, being in derogation of the common law, will be strictly construed. (*Porter v. Northern Fire & Marine Ins. Co.*, 36 N. D. 199, 161 N. W. 1012.)

The conduct and record of the body levying an assessment upon the capital stock of a corporation which has been fully paid must comply strictly with the requirements of the statute, and the evidence showing such compliance must be clear and convincing. (*Corcoran v. Sonora Min. & Mill. Co.*, 8 Ida. 651, 71 Pac. 127.)

"Assessments must be equal, impartial and uniform to be valid, otherwise they are void." (*Seyberth v. American Commander Min. & Mill. Co.*, 42 Ida. 254, 245 Pac. 392.)

"A statute authorizing assessments does not authorize unequal assessments. They must be just and equal on all the stockholders." (*Great Western Tel. Co. v. Burnham*, 79 Wis. 47, 24 Am. St. 698, 47 N. W. 373.)

Appellate courts will review and determine only those questions that are necessary for the decision of the case, and will not attempt to lay down rules of guidance for future conduct. (4 C. J., p. 649, sec. 2441; *Wright v. Southern Pac. Co.*, 15 Utah, 421, 49 Pac. 309; *Macintosh v.*

*Henrici,* 23 Or. 143, 31 Pac. 201; *Porter v. Armour & Co.,* 241 Ill. 145, 89 N. E. 356.)

J. B. Eldridge, for Respondent.

Article 6 of title 37, C. S., does not apply under the stock subscription contract between the association and its members. (*Payette-Boise Water Users Assn. v. Fairchild,* 35 Ida. 97, 205 Pac. 258.)

The defendant may not collaterally attack the legality of the board of directors in resisting action to collect assessments. (*Greene & Griffin Real Estate & I. Co. v. Salt River Valley Water Users Assn.,* 25 Ariz. 354, 217 Pac. 945; *Orme v. Salt River Valley Water Users Assn.,* 25 Ariz. 324, 217 Pac. 935; *Barry v. Holmesley,* 24 Ariz. 375, 210 Pac. 318; *Jones v. Bonanza Min. & Mill. Co.,* 32 Utah, 440, 91 Pac. 273; 2 Cook on Corporations, sec. 713; 3 Thompson, Com. on Corp., secs. 3893–3895; 3 Clark & Marsh on Priv. Corp., sec. 662; *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 235, 101 Pac. 87; 2 Thompson on Corporations, secs. 1440, 1447; 14a C. J., sec. 1840, p. 80; *Waterman v. Chicago & I. R. Co.,* 139 Ill. 658, 32 Am. St. 228, 29 N. E. 689, 15 L. R. A. 418; *Herbst v. Held,* 194 Iowa, 679, 190 N. W. 153; *Lazenby v. Henderson,* 241 Mass. 177, 135 N. E. 302; *Rhea v. Newton,* 262 Fed. 345; *Barrell v. Lake View Land Co.,* 122 Cal. 129, 54 Pac. 594.)

"A stockholder in a corporation is bound by the articles of incorporation and by-laws of the corporation whether he has signed them or not." (*McFadden v. Board of Supervisors of Los Angeles County,* 74 Cal. 571, 16 Pac. 397; *Marshall v. Wentz,* 28 Cal. App. 540, 153 Pac. 244.)

"A prospectus of a new corporation to be formed stating the terms and conditions upon which the stock was to be issued and signed by the subscribers to the stock constituted a binding agreement." (*Fox v. Produce Cold Storage Exchange,* 192 Ill. App. 301.)

"The members of a corporation are as a general rule conclusively presumed to have knowledge of its by-laws and cannot escape a liability arising thereunder, or otherwise

avoid their operation, on a plea of ignorance of them.'' (14 C. J., p. 345, sec. 430.)

''Appellant can pay his assessments the same as the other stockholders, and it would not appear that such great damage would be done to him by so doing. He would have his stock, and he would be doing what all of the other stockholders have done, viz., paying the assessments.'' ( *Jonas v. Frost,* 32 Ida. 214, 179 Pac. 949.)

Thos. E. Buckner, for Receiver Smith.

Where stockholders enter into a contract for the enforcement of assessments, such a contract will be enforced to the exclusion of the statutory requirements. (*Payette-Boise Water Users' Assn., Ltd., v. Fairchild,* 35 Ida. 97, 205 Pac. 258.)

GIVENS, J.—Respondent is a corporation organized and existing under the laws of the state of Idaho. Its stockholders were restricted to land owners under what was formerly known as the Boise-Payette Reclamation Project, as authorized and constructed by the reclamation department of the United States of America. No capital stock was issued, as such, nor was payment required for its capital stock other than that the stockholder should be a land owner within such reclamation district and have applied and paid for a water right from the government. Under the terms of the stock subscription contract entered into between respondent and the reclamation department, the articles of incorporation and by-laws, the specific provisions of which will be hereafter more fully set forth and considered, respondent was authorized to levy and the stockholder was obligated to pay assessments for the operation of the corporation. The assessments therein authorized and herein considered were not ''calls'' or assessments to pay on the capital stock, but were assessments, as distinguished from ''calls'' in the true sense of the words, to provide funds for the operation of such corporation. Ten assessments have been levied, but as we understand it, suits were

brought against two parties for the 6th, 7th, 8th and 9th assessments and against three parties for the 8th and 9th assessments.

Refusal to pay was justified on three main grounds: First, that the complaint did not allege that ¼ of the capital stock had been paid; second, that previous assessments though levied had not been paid, nor had respondent sought to enforce payment and was not excused therefrom; and last, that the assessments were not levied by qualified officers of the corporation.

In regard to the first objection it appears from the complaint, paragraph 1, and the articles of incorporation and section two of the by-laws, attached and incorporated into the complaint as exhibits, that there were, at all times mentioned in the complaint approximately 104,000 shares of stock issued which was more than ¼ of the authorized capitalization of 380,000 shares.

[1]   The respondent freely admits that it did not comply, and contends that it was not required to comply in any way, with art. 6 of chap. 186, C. S., which contains, among others, sections 4734 and 4735, which appellant contends are applicable as conditions precedent to respondent's right to bring this action.

Respondent seeks to justify its position by the decision in *Payette-Boise Water Users' Assn. v. Fairchild,* 35 Ida. 97, 205 Pac. 258, where the court said: "The only question for determination is what method of collection shall the plaintiff pursue under its contract with the defendants"—and concluding: "The lien, to all effect and intent, must be deemed a mortgage, compelling the plaintiff to an exclusive remedy by foreclosure and sale."

Respondent herein contends that this holding of the court covered the entire collection, the term "collection" including the levying or making of the assessment as well as the enforcement thereof. Appellant, on the other hand, contends that the only matter considered in *Payette-Boise Water Users' Assn. v. Fairchild, supra,* was the collection and not the making or levying of the assessment and conse-

quently, conceding that the court therein decided that the collection must be by way of foreclosure, still the assessments must have been levied or made in compliance with C. S., secs. 4734 and 4735. The court said that the lien was to be deemed a mortgage confining the plaintiff to the exclusive remedy by foreclosure and sale. The question herein to be determined, though raised in the former case, was not necessary to the conclusion reached nor the decision as stated and this court has held that only those points actually decided and those necessarily involved in the decision, actually made are concluded. (*Weil v. Defenbach*, 36 Ida. 37, at 42, 208 Pac. 1025; Black on Judicial Precedents, sec. 44 et seq.) It is apparent from an examination of the opinion that the question herein involved was not therein decided. There was and is no necessary connection between the manner in which an assessment must be levied or made and the means whereby it shall be collected. Respondent herein has assigned no other reason why C. S., secs. 4734 and 4735, should not apply in connection with the necessity of enforcing the payment of such assessments as by foreclosure of a mortgage, or otherwise.

*Pennecard v. Giant Ledge Mining Co.*, 97 Wash. 384, 166 Pac. 629, is urged as authority for the proposition that these defendants cannot take advantage of their failure to pay these assessments as exempting them from further assessments. That case, however, while holding that a stockholder could not take advantage of his own failure to pay assessments did not hold that he could not take advantage of other stockholders' failure to pay and clearly negatives such construction construing a statute similar to C. S., sec. 4735, as follows:

"The evident purpose of this by-law is the protection of stockholders who have fully complied with assessments made against their stock. Such stockholders under the by-law were not to be burdened with subsequent assessments until all stockholders had contributed *pro rata,* so that a few stockholders could not be made to bear the burdens of the corporation."

[2, 3] This is at least one good reason for the statute and no reason has been advanced by respondent why the statute and the reason therefor should not obtain equally, whether the assessment is to be collected by foreclosure on the land, foreclosure of the stock, or by personal action against the stockholders, and even though a stockholder might have refrained from objecting to the corporation's failure to collect one or two assessments from several of the stockholders, if such course of action were continued it might become such an intolerable burden upon the paying stockholders that they might feel they were approaching the breaking point and would be justified in calling a halt, and raise such failure to enforce previous assessments as a defense when suit was brought against them. If these were the only parties who had failed to pay, the construction of the Pennecard case as contended for by respondent might be applicable and reasonable but if there were others, and the record shows there were, who were delinquent in the payment of assessments levied prior to those for which suit was brought it would not be a collateral attack to raise such defense in a direct action by the corporation for these assessments, nor is appellant estopped so to do. (*Atlantic De Laine Co. v. Mason,* 5 R. I. 563.) Neither the contract nor the by-laws provide directly or by implication that contrary to C. S., sec. 4735, a subsequent assessment may be levied while a prior one remains uncollected. The provisions of said section are salutary, and even if such statutory direction could be waived by contract, which we do not decide, it has not been so waived herein.

It is alleged that the officers who levied the assessments in question were not the duly and legally acting officers of the corporation. There is insufficient evidence to support this contention; and in any event the officers were at least *de facto* officers and their representation of, and the right to represent, the corporation was sufficiently legal to authorize their levying a valid assessment so far as that phase of the controversy is concerned.

The judgment is therefore ordered reversed, with instructions to enter judgment in accordance herewith. Costs awarded to appellant.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.